No. 29,918.

AL BOUCHEY, *Appellee*, v. A. C. GILLILAN, as Sheriff, etc., *Appellant.*

(4 P. 2d 412.)

Opinion filed November 7, 1931.

*O. O. Osborn,* of Stockton, and *W. L. Sayers,* of Hill City, for the appellant.
*F. E. Young,* of Stockton, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one against the sheriff to recover damages for seizure and sale of chattels claimed by plaintiff under execution against another. Plaintiff recovered, and the sheriff appeals.

The execution was issued to satisfy a judgment against Henry Bouchey. When the execution was placed in the sheriff's hands he followed his usual practice and investigated the records in the office of the register of deeds and the office of the county clerk. The sheriff found that Henry had repeatedly listed for taxation, as his own, chattels which the sheriff afterward levied on and sold, and Henry had repeatedly mortgaged the chattels as his own. The testimony disclosed that Henry had also listed the chattels as his own in a property statement made for the purpose of obtaining credit, and Henry testified as follows:

"I treated the property just the same as I did my own property. I took care of them just the same as mine. I raised the feed for them there on the farm. I rented the farm. I fed the stock. Whenever I got ready I mortgaged the stuff. When assessment time came I gave it in on my assessment sheet."

Before making the levy the sheriff required the judgment creditor to give an indemnifying bond. After the levy was made Al Bouchey, Henry's father, gave written notice to the sheriff that he claimed the chattels. After the notice of sale was published Al Bouchey served on the sheriff another written claim. At the sale two calves, levied on but omitted by mistake from the list and the notice of sale, were sold.

Al Bouchey's wife was dead, and he had lived with Henry for a number of years. He could not read or write, and could not speak English well. His health failed, he became partially paralyzed, and he was unable to sign his name. The assessor testified that the chattels were listed for taxation by Henry as his own, because of Al Bouchey's infirmities. There was testimony that on one occasion Al Bouchey gave Henry $20 with which to pay taxes. Al Bouchey accounted for ownership of the chattels, and reasons were given for Henry's use of them by way of security. When the levy was made all mortgages of the chattels given by Henry had been satisfied.

The sheriff complains the testimony that he took an indemnifying bond was inadmissible. The testimony was not admissible as relevant to the issue respecting ownership of the chattels; but punitive damages were prayed for, and the court admitted the testimony as pertinent to the issue of punitive damages. When the testimony was admitted the court stated the sheriff was privileged to demand an indemnifying bond, so he would not suffer by his act.

When the testimony was admitted the entire course of conduct of the sheriff in executing the writ was properly provable as bearing on the question whether he acted so arbitrarily or oppressively that punitive damages were warranted. Normally the fact that the sheriff took an indemnifying bond would indicate that he acted impersonally and purely as an instrument of the law. But the evidence in the case might be such the jury could infer that, having made himself secure, the sheriff proceeded in reckless disregard of the rights of the claimant. The jury probably took the latter view, because it found specially that the sheriff acted in good faith in making the levy, but that punitive damages should be awarded. The award of punitive damages was not sustained by any evidence, and the court properly set aside the finding of punitive damages.

From the foregoing it is clear that the objection made when the testimony relating to indemnity was offered was properly overruled. The testimony had some pertinency to an issue, and was not in the same class with the evidence of insurance so often lugged in, insidiously and in bad faith, in automobile accident cases. (See *Van Pelt v. Richards Paint & Paper Co.*, 132 Kan. 581, 296 Pac. 737.)

Defendant contends the evidence was prejudicial, for these reasons: It was not followed up by proof of malice or misconduct,

and it fitted into a deliberate scheme to prejudice the jury. In his opening statement to the jury the attorney for plaintiff said:

"This judgment [referring to the judgment on which the execution was issued] it seems was held by one or two men—it would probably be difficult to prove just whether it belonged to the two—but the judgment seems to have been taken by one or two men, the same men who have purchased the assets of a bank in Plainville; that the purchase was made, as many of these purchases are, after attempts have been made by the receiver to collect the amounts that have been—that come into their hands from a defunct bank; that all those assets are put up and sold for a very few cents on the dollar, and sold to men who make a business of collecting the same, and figure that they can lose some, and probably get a good return for the small amount that they have paid for the large amount of obligation which composed the assets of the defunct bank."

In response to an objection by the attorney for the sheriff the court said:

"THE COURT: Yes, the latter statement is argumentative, Mr. Young. The fact will come out as it is bound to come out as to the manner in which the property was procured, but any statement of the manner in which men go through the country purchasing, is not to be considered, gentlemen."

The court was in error in stating that the manner in which the bank assets were procured was bound to come out, the statement of the attorney for plaintiff was not merely argumentative, and the court's direction to the jury did not cover the bald attempt to prejudice the jury.

The answer pleaded that the sheriff had a valid execution against Henry Bouchey, and what the sheriff did was done in performance of his duty in satisfying the writ out of the property of Henry Bouchey. There was no reply. There was no issue involving the judgment or the propriety of the writ as an execution against Henry Bouchey; and the statement of the attorney was followed up by irrelevant questions propounded to the owner of the judgment, objections to which were erroneously overruled:

"Were you the purchaser, or one of the purchasers, of the assets of the Farmers and Merchants State Bank of Plainville, Kansas?"

"And what face value of assets did you buy from the Farmers and Merchants State Bank at receiver's sale?"

Plain palpable error was committed, the natural and probable consequence of which was prejudice, and there is good ground for the following statement contained in the sheriff's brief:

"Of course there was not a chance in the world for the defendant to recover after the jury learned that the suit was not in fact against the defendant because he was indemnified by judgment creditors, and that said judgment creditors had been guilty of buying in bulk at a receiver's sale the assets of a defunct bank."

There is a cross appeal. Plaintiff insists he should have had punitive damages. On the face of the assessment roll, and on the face of the records in the office of the register of deeds, Henry had been claiming ownership of the chattels for a long time, and had been exercising the privileges of ownership. After levy, Al Bouchey made a written claim of ownership of the chattels. The sheriff was not obliged to determine the question of ownership at his personal peril. The law contemplates that just such situations may arise, and gives the sheriff privilege to take bond. He may then proceed without liability for punitive damages, so long as he acts as an officer of the law should act in the execution of valid process. The only irregularity in this proceeding was the result of a mistake in preparation of papers. The result is, there was no basis for an award of punitive damages.

The single issue respecting ownership of the property should be determined at a trial free from persistent injection of extraneous matters. Whether the sheriff was indemnified is no longer material. All other issues, including value of the chattels, have been well determined.

The judgment of the district court is reversed, and the cause is remanded with direction to try the issue of ownership. Should plaintiff prevail, the judgment will be for the value of the property already found.