No. 31,215

AL BOUCHEY, *Appellee*, v. A. C. GILLILAN, *Appellant*.

(26 P. 2d 451.)

Opinion filed November 11, 1933.

*W. L. Sayers,* of Hill City, for the appellant.

*F. E. Young,* of Stockton, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The proceeding was one by motion to offset one judgment against another. The relief prayed for was denied, and the moving party appeals.

Bouchey sued Gillilan, as sheriff, for wrongful seizure of Bouchey's property on a writ directing seizure of property of another. Bouchey prevailed, and on September 4, 1930, judgment was rendered in his favor against the sheriff for $469. On appeal to this court judgment was reversed for determination of a single issue of fact and rendition of judgment accordingly. (*Bouchey v. Gillilan,* 134 Kan. 29, 4 P. 2d 412.) Gillilan paid costs in this court to the amount of $99.70. At the second trial Bouchey again prevailed, and on April 2, 1932, judgment was again rendered in his favor for $469.

On the day the first judgment was rendered Bouchey's attorney perfected an attorney's lien for $200. The notice of lien reads:

"*In the District Court of Rooks County, Kansas.*

"AL BOUCHEY, *Plaintiff,* v. A. C. GILLILAN, *Defendant.*

"Comes now F. E. Young and notifies the court and all officers of said court and all others who may be interested in said cause, that he claims a lien upon the judgment rendered in favor of the plaintiff in the sum of $200, same being the attorney's fee owing to him by the judgment creditor therein.

"F. E. YOUNG, *Claimant.*"

Immediately on rendition of the judgment Bouchey assigned it to Lid Anderson, subject to the attorney's lien, to apply on a debt to Anderson of $400.

On September 14, 1930, Mermis and Schwaller recovered a judgment against Bouchey for $5,084. Just before the second judgment was rendered against Gillilan in Bouchey's favor, the Mermis and Schwaller judgment was assigned to Gillilan. After the second judgment was rendered against Gillilan in favor of Bouchey, Gillilan filed a motion alleging Bouchey was insolvent, and praying that the costs paid by Gillilan in the appeal to this court, and the Mermis and Schwaller judgment, should be offset against Bouchey's judgment for $469. The court offset the cost item in the sum of $99.70, and nobody complains of that. The court allowed the lien of Bouchey's attorney in the sum of $200, and Gillilan complains. The court also allowed Anderson a lien in the sum of $400, and Gillilan complains.

Gillilan contends the attorney's lien was not supported by sufficient evidence, apparently because a lien was claimed on the first judgment. The statute gives the lien. The statute gives the lien from time of service of notice of lien. The statute gives the lien on money due the client in any action or proceeding in which the attorney was employed. (R. S. 7-108.) The notice of lien is not to be technically construed. All that is necessary is that the adverse party may have sufficient information that he may protect himself. (*Carter v. McPherson,* 104 Kan. 59, 177 Pac. 533.) In this instance the notice given was sufficient for that purpose.

When the appeal was taken from the judgment referred to in the notice, the action did not abate. When the judgment was reversed, and a partial new trial was had, the action was the same action as before. The sum of $469 was due the client all the time, as was established by the second judgment, and the attorney's lien continued to exist from the time notice was given.

Since the attorney's lien was in existence before the Mermis and Schwaller judgment was rendered, and long before it was assigned to Gillilan, the lien could not be superseded or defeated by the proceeding to offset judgments.

After the court offset the cost item and allowed the attorney's lien, there remained a portion of Bouchey's judgment against Gillilan in the sum of $169.30. Gillilan contends the Mermis and

Schwaller judgment assigned to him should be applied in payment of that sum. There are two answers to the contention.

The evidence disclosed Gillilan is not the beneficial assignee of the Mermis and Schwaller judgment. He paid nothing for it, and knew nothing about how the assignment came to be made except what he was told. As a matter of fact, the surety on a bond given to indemnify Gillilan as sheriff for making the wrongful levy, paid $25 to have the judgment assigned to Gillilan. It is too well known to require citation of authority that a proceeding to offset judgments, whether by motion or action, is equitable in character. Equity looks through form to substance, and in this instance the sole party to be benefited by the assignment was an outsider, the surety whom the sheriff could call upon to pay the judgment for damages for wrongful levy.

The second answer to Gillilan's contention is that when the first judgment in favor of Bouchey was rendered, it was assigned to Anderson. True, the assignment specified the judgment, but the intention of the parties prevails, and the manifest intention was that Anderson should have the benefit of Bouchey's claim against Gillilan. Gillilan contends Bouchey's claim was one for damages for tort, and such a claim is not assignable. The contention is unsound. The claim was one for injury to Bouchey's estate, the wrongful taking of his personal property, and such a claim is assignable. (5 C. J. 890.)

The judgment of the district court is affirmed.

HUTCHISON, J., not sitting.