RICE & GORUM, APPELLANTS, V. GEORGE DAY, APPELLEE.

[FILED OCTOBER 14, 1891.]

1. **Attorney's Lien**: PARAMOUNT TO SET-OFF. The lien of an attorney upon a judgment obtained by him to the extent of his reasonable fees and disbursements, is paramount to any rights of the parties in the action or to any set-off.

2. ———: REASONABLE FEES. The question of what were reasonable fees, having been put in issue and determined by the trial court, *held*, that the evidence sustained the judgment.

APPEAL from the district court for Gage county. Heard below before BROADY, J.

*A. D. McCandless*, and *T. F. Burke*, for appellants, cited: *Ward v. Watson*, 27 Neb., 68; 1 Am. & Eng. Ency., 972; *People v. N. Y.*, 13 Wend. [N. Y.], 649, and cases; *Brown v. Sayce*, 4 Taunt. [Eng.], 321; *Tiffany v. Stewart*, 60 Ia., 207; *Watson v. Smith*, 63 Id., 228; *Yorton v. R. Co.*, 23 N. W. Rep. [Wis.], 401, and cases; *Nicoll v. Nicoll*, 16 Wend. [N. Y.], 446; *Brown v. Reed*, 21 Am. L. R., 75, and cases.

*Pemberton & Bush*, and *T. D. Cobbey*, contra, cited: *Boyer v. Clark*, 3 Neb., 161; *Ward v. Watson*, 27 Id.,

68; *Robertson v. Shutt*, 9 Bush [Ky.], 660; *Stratton v. Hussey*, 62 Me., 288; *Currier v. R. Co.*, 37 N. H., 223; *Johnson v. Ballard*, 44 Ind., 270; *Carter v. Davis*, 8 Fla., 183.

MAXWELL, J.

On the 9th of April, 1889, the plaintiffs in error recovered a judgment in justice court against the defendant for the sum of $100 and costs. That action appears to have been accompanied by an attachment of the property of the defendant. A motion was afterwards made " to discharge the attachment because the facts stated in the affidavits are false and untrue." This motion was sustained and the attachment dissolved and an action thereupon brought on the undertaking, which resulted in a judgment for the defendant in error for the sum of $110. The attorneys for the defendant in error (three in number) filed a claim for a lien upon this judgment for the sum of $100, and the plaintiffs in error pray that their judgment against the defendant be set-off against his to the extent of $100. The court found in favor of the attorneys, and deducted the amount claimed by them for fees in the case before setting off one judgment against the other. In this there is no error. Whatever the rule may be in other states it is well settled in this state that the lien of an attorney upon a judgment to the extent of his reasonable fees and disbursements, is paramount to any rights of the parties in the suit or to any set-off. (*Boyer v. Clark*, 3 Neb., 161; *Ward v. Watson*, 27 Id., 768.) This rule, if unsatisfactory, should be changed by the legislature and not by the court; but until so changed will be adhered to.

On several points the transcript is very meagre. The fees charged, when we consider the amount involved, seem large, but the question of their being reasonable was before the trial court on a distinct issue to that effect, and the

evidence fully supports the judgment of the court.   The judgment is therefore

AFFIRMED.

THE other judges concur.