ROBERTS *v.* MITCHELL.

(*Nashville.*      January 17, 1895.)

SET-OFF. *Judgments. Attorney's fees.*

The right to set off independent judgments rendered in different suits. growing out of different causes of action, is subordinate to the attorney's lien for services rendered in obtaining the judgments.

Code construed: § 3635 (M. & V.); § 2925 (T. & S.).

Cases cited and approved: 4 N. H., 347; 62 Maine, 288; 37 N. H., 223; 44 Ind., 270; 8 Fla., 183; 2 Caines, 105; 3 John., 247; 50 Eng. L. & Eq., 59; 15 Vesey. 79, 541.

---

FROM OVERTON.

---

Appeal from Chancery Court of Overton County. B. M. WEBB, Ch.

J. D. GOODPASTURE for Roberts.

G. B. MURRAY for Mitchell.

BEARD, J.   In this cause, on a former day of the present term, a moneyed decree was rendered in favor of Mitchell against complainant, J. S. Roberts.   On a still earlier day of the term, in another and independent suit, a decree was pronounced in favor of Roberts against Mitchell, and a motion is now made

by Roberts to set off these judgments, one against the other, under § 3635 of the (M. & V.) Code. This motion is resisted by the solicitors of Mitchell, unless it be granted subject to their lien for services in obtaining the first decree.

While the attorney's lien upon the judgment recovered for his client, as the result of his professional labor, has been recognized and enforced in this State in a variety of cases, yet, so far as we have been able to discover, the exact questions here involved have not been determined. Elsewhere what is the proper rule in a case like the present has been the subject of much difference of opinion, and the result is, the practice of the Courts of England, and of many of the States of this Union, has been very inharmonious. In the English Courts the claim of the attorney to have his fees and disbursements in a suit paid out of the judgment he obtained has been long recognized. In the Courts of Common Pleas, however, it was held that this claim, or lien, was subordinate to the defendant's right of offset. This same rule obtained in the English Chancery Courts, while the Court of King's Bench held that the attorney's lien was superior to the defendant's right to such set-off. *Hull* v. *Ody*, 2 B. & P., 28; *Ensden* v. *Darley*, 4 B. & P., 22; *Simpson* v. *Lamb*, 50 Eng. L. & E., 59; *Taylor* v. *Popham*, 15 Vesey, 541; *Rhodes, ex parte*, 15 Ves., 79.

Afterward, however, in the Courts of Common Pleas, the practice was changed, and the right of

the attorney against set-off has been secured by the adoption of the rule so long enforced in the Court of King's bench. *Simpson* v. *Lamb*, 50 Eng. L. & Eq., 59.

As before stated, in the American Courts the same difference of opinion and practice has obtained. In the Supreme Court of New York, at an early day, it was held that this lien would prevent one judgment from being set off against another in such a manner as to deprive the attorney of his costs. *Cole* v. *Grant*, 2 Caines, 105; *Dury* v. *Boyer*, 3 John., 247.

In the States of Maine, New Hampshire, Nebraska, Florida, and Kentucky, the right of set-off of the defendant is held to be subservient to the attorney's lien for fees or costs and disbursements, as may be. *Stratton* v. *Hussey*, 62 Maine, 288; *Currin* v. *Railroad*, 37 N. H., 223; *Johnson* v. *Ballard*, 44 Ind., 270; *Boyer* v. *Clark*, 3 Neb., 161; *Carter* v. *Davis* 8 Fla., 183.

On the contrary, the Courts of West Virginia, Vermont, Iowa, and Alabama maintain the right of set-off as superior to the attorney's lien. *Renick* v. *Luvington*, 16 W. Va., 378; *McDonald* v. *Smith*, 57 Vt., 502; *Tiffany* v. *Stewart*, 60 Iowa, 207; *Mosely* v. *Norman*, 74 Ala., 422.

We think the better and more equitable rule is the one that subordinates the right of set-off of independent judgments rendered in different suits, growing out of different causes of action, to the attor-

ney's lien or claim for services rendered in the particular suit; and we do not hesitate to adopt it as the rule of practice in this State. On this subject, and in elaboration of our views, we quote the language of Chancellor Walworth in *Dunkins* v. *Vandenburgh*, 1 Paige Ch., 624:

"The question in all these cases is, What is equitable and just between the parties and the attorney or solicitor ? Where different claims arise in the course of the same suit, or in relation to the same matter, it is undoubtedly equitable and just that these equities should be arranged between the parties without reference to the solicitor's or attorney's lien. His lien is only on the clear balance due to his client after all these equities are settled. But when other claims, arising out of different transactions, and which could not have been a legal or equitable set-off in that suit, exist between the parties, the Court ought not to divest the lien of the attorney or solicitor which has already attached on the amount recovered for the costs of that particular litigation. When the solicitor has been at the labor and expense of prosecuting a suit, it is equitable and just that his costs should be paid out of that litigation."

Nor is § 3635 of the Code to be construed so as to militate against this view. By that section it is provided that "judgments of the same Court may be set off against each other on motion." But we hold that this section must be read as if it con-

tained the implied condition that this set-off will not be allowed in derogation of the attorney's lien for his services· in prosecuting the suit and obtaining the particular judgment. We think this construction gives full force to this provision of the Code, and, at the same time, it preserves the equities of the parties interested. This was the view taken of a statute similar in character by the Supreme Court of New Hampshire in *Shapley* v. *Bellows*, 4 N. H., 347.

In the case at bar, an order will be entered allowing the set-off, but subject to the lien of the solicitor, which will be declared by a proper order.