## No. 9540.

### DANKWARDT *v.* KERMODE, ET AL.

1. ATTORNEY'S LIEN—*Effect.*   Under Rev. Stat., sec. 242, the employment of an attorney operates as an equitable assignment of the client's right to the extent of the agreed compensation.

2. ——*To What Causes of Action Extend.*   To actions for malicious prosecution.

3. ——*Superior to Any Setoff.*   The attorney's lien cannot be defeated by the setoff of a judgment against his client growing out of independent transactions prior to the attorney's employment. *Whitehead v. Jessup,* 7 Colo. App. 460, distinguished.

*Error to Jefferson District Court, Hon. Harry S. Class, Judge.*

Mr. H. E. LUTHE and Mr. WILLIAM H. DICKSON, for plaintiff in error.

Mr. JOSEPH N. BAXTER and Mr. JOHN T. BOTTOM, *Pro Se.*

Mr. Justice Bailey delivered the opinion of the court.

THE action was by Dankwardt for a decree setting off two judgments which he had theretofore recovered of the defendant, M. Luella Kermode, against a judgment in her favor which she had recovered of him.   Also it was sought therein to have the court deny the rights of defendants Bottom and Baxter to assert an attorneys' lien against the judgment secured by Kermode, paramount to Dankwardt's right of set off.   Findings and decree were for Bottom and Baxter, and Dankwardt brings the case here for review.

It appears from the admitted facts that Dankwardt recovered a judgment against M. Luella Kermode and others for $823.29 and costs, on October 30, 1912.   That on November 30, 1914, he recovered another judgment against

M. Luella Kermode, for $416.00 and costs, and that no part of either of such judgments has been paid. That on the 15th of June, 1912, John T. Bottom and Joseph N. Baxter, attorneys, entered into a contract with M. Luella Kermode for services to be rendered in an action to be brought by her against Dankwardt; that they were to receive compensation upon a contingent basis, each to receive one-third of whatever amount was recovered in such suit. After two trials judgment was finally entered in the sum of $1,000.00 in favor of Kermode and against Dankwardt. The question is whether the attorneys' lien attaches to two-thirds of such judgment, according to agreement, or whether Dankwardt shall be permitted to set off his judgments, as above noted, against the entire judgment, without regard to such claimed lien.

Section 242, R. S. 1908, is the provision on which the claims of Bottom and Baxter are based, and reads as follows: "All attorneys and counselors-at-law, shall have a lien on any money, property, choses in action, or claims and demands in their hands, and on any judgment they may have obtained, or assisted in obtaining, in whole or in part, and on any and all claims and demands in suit, for any fees or balance of fees, due or to become due from any client. And in the case of demands in suit, and in the case of judgments obtained in whole or in part by any attorney, such attorney may file with the clerk of the court wherein such cause is pending, notice of his claim as lienor, setting forth specifically the agreement of compensation between such attorney and his client or clients, which notice, duly entered of record, shall be notice to all persons and to all parties, including the judgment creditor, and all persons in the case against whom a demand exists, and to all persons claiming by, through or under any person having a demand in suit or having obtained a judgment, that the attorney whose appearance is thus entered has a first lien on such demand in suit, or on such judgment for the amount of his fees; but such notice of lien shall not be presented in any manner to the jury in the case in which the same is filed. Such lien may be enforced by the proper civil action."

In *Fillmore v. Wells,* 10 Colo. 228, 15 Pac. 344, 3 Am. St. 567, this court, in discussing the effect of the former at- torney's lien statute, which is much less comprehensive than the present one, said, at page 231: "Our statute recognizes both the general and special branches of the attorney's lien as it was enforced at the common law; but in some important particulars this lien under the statute is much more complete and satisfactory than it is at the common law. The statutory lien is not limited to costs or to taxable fees. It reaches all fees due for services rendered, whether the amount of such fees has been agreed upon or is to be settled in suit as upon a *quantum meruit.* Nor is it limited to compensation for services rendered by the attorney in procuring the judgment upon which he re- lies. In this respect it is more comprehensive than the mechanic's lien; it covers a balance legally due him for any and all professional services theretofore rendered his client."

In the case at bar the claimed lien is founded upon a specific contract for fixed compensation. In discussing the effect of such a contract between attorney and client, in *Bell v. Lake County,* 26 Colo. App. 192, 141 Pac. 861, the court, after citing with approval *Terney v. Wilson,* 45 N. J. Law, 282, *Ely v. Cook,* 28 N. Y. 365, and *Williams v. Ingersoll,* 23 Hun. (N. Y.) 284, at page 199 thereof (141 Pac. 864) says: "That a contract between attorney and client for payment of the attorney out of the judgment recovered or to be recovered operates as a binding equitable assignment of that fund *pro tanto,* and creates a lien upon the specific fund, is clearly held in *Terney v. Wilson, supra,* citing *Ely v. Cook,* and *Williams v. Ingersol, supra,* and other authorities.

"We think, and hold, that the common law lien created by such an assignment, of which the judgment debtor has notice, is in no wise inferior to the statutory lien of an attorney. Therefore, the status of a judgment debtor who settles the judgment with the judgment creditor, or anyone claiming under him, without regard to the lien of the at-

torney, does so at his peril in either case, and in that respect the principle announced by the authorities as to the statutory lien applies also to the common law." (Citing authorities.)

Under this decision it is clear that when the contract for services was signed by the parties on June 15, 1912, it then and there operated as an equitable assignment by virtue of the attorney's lien statute, of her rights in the demand against Dankwardt, to the extent of giving her attorneys a first lien to the amount of their agreed compensation upon any judgment which she might recover thereon. There is nothing in the nature of an action for malicious prosecution which prevents it from being the subject of equitable assignment under the attorney's lien statute. In *Miller v. Houston*, 27 Colo. App. 89, 146 Pac. 786, it was declared: "It is quite true, at common law, that all torts which are not injuries to property are not generally assignable. However, our statute gives to attorneys a lien on all claims and demands in suit and a lien upon all judgments obtained for any fees or balance of fees due or to become due from any client. * * * There is nothing in the statute indicating a purpose of the legislature to exclude causes of action for personal injuries from the lien act. There is every reason why such causes of action should be included therein."

In determining the question whether the right of set off shall be permitted to defeat an attorney's lien the Supreme Court of Wisconsin in *Stanley v. Bouck*, 107 Wis. 225, 83 N. W. 298, said: "An application to the court to set-off one judgment against another is addressed to the sound discretion of a court of equity, whether made by motion or action, and when the judgments are rendered in actions having no connection with each other, it will not be allowed as against an attorney's equitable lien for services and disbursements, where evident injustice will be done."

In *Rice v. Day*, 33 Neb. 204, 49 N. W. 1128, it is said: "Whatever the rule may be in other states, it is well settled in this state that the lien of an attorney upon a judg-

ment to the extent of his reasonable fees and disbursements, is paramount to any rights of the parties in the suit, or to any set-off."

In addition to our own decisions the case of *Harlan et al. v. Bennet et al.,* 127 Ky. 572, 106 S. W. 287, 32 Ky. L. Rep. 473, 128 Am. St. 360, is also a clear and definite holding that an attorney's lien attaches at the time of the commencement of services. And the following decisions held that an attorney's lien cannot be defeated by any right of set-off of judgments thereafter recovered, growing out of prior independent transactions: *Bucki & Son v. Atlantic L. Co.,* 128 Fed. 332, 63 C. C. A. 62; *Finney v. Gallup et al.,* 2 Neb. Unof. 480, 89 N. W. 276; *Barry v. Third Avenue R. Co.,* 87 App. Div. 543, 84 N. Y. Supp. 830; *Carter v. Davis,* 8 Florida 183; *Roberts v. Mitchell,* 94 Tenn. 277, 29 S. W. 5, 29 L. R. A. 705; and *Hroch v. Aultman,* 3 S. D. 477, 54 N. W. 269.

Plaintiff in error bases his right to set-off chiefly upon the authority of *Whitehead v. Jessup,* 7 Colo. App. 460, 43 Pac. 1042, which was a suit in equity for the offset of mutual judgments. Williams was attorney for Jessup in litigation between Jessup and Whitehead out of which the mutual judgments grew. Williams did not attempt to assert an attorney's lien. The case, therefore, turned upon the right of the judgment creditor to set off his judgment against an assignee. This decision simply invokes the familiar rule that the assignee of a chose in action takes it subject to all defenses which might have been pleaded against it in the hands of the original owner, and has no application to this case. That the Court of Appeals had no intention to apply the rule announced in that case to actions involving the attorney's lien statute is made manifest from the express terms of the opinion itself, wherein at page 467, the court says: "But the question of the effect of an attorney's lien is not before us. Williams never took the steps necessary to make his lien effective. He abandoned it by taking an assignment of the judgment to himself, and is now claiming, not a right to a certain

amount out of the judgment in payment for his services, but the absolute ownership of the entire judgment. He has relinquished whatever equities he might have been entitled to by virtue of his lien, and his position in this proceeding is simply that of assignee."

Upon the authority of Colorado decisions it seems settled that under our attorney's lien statute a contract between attorney and client operates at once as a binding assignment of so much of the demand as might be necessary to discharge the attorney's claim.

That the Kermode claim against Dankwardt was unliquidated is an additional reason why the attorney's lien should, in equity and good conscience, prevail as against the right of set-off, as it was only through their professional skill and efforts that the demand finally became of any settled and definite value at all, and which otherwise might have been absolutely worthless. The attorney's contract was entered into and the assignment of the fund thereby effected before the judgments relied upon by plaintiff in error as set offs were obtained. The conclusion reached is based wholly upon, and must therefore be limited to, the facts of this particular case, as shown upon the record.

Plaintiff has cited authorities from other jurisdictions to support his contention, but in so far as they are in conflict with previous decisions of this court and of our Court of Appeals, may well be disregarded. It is also to be noted that one of the early New York cases cited to support plaintiff's contention rests wholly upon English decisions and the common law, and the other New York case so relied upon was based upon a statute different from the one here involved. The more recent decisions in that jurisdiction, based upon an attorney's lien statute substantially like our own, are in complete accord with the views herein expressed.

The judgment of the trial court is right, and should be affirmed.

*Judgment affirmed.*

Mr. Justice Scott and Mr. Justice Denison concur.