## No. 15,000.

ALEMAN *v.* ANNABLE ET AL.

(129 P. [2d] 987)

Decided October 5, 1942.

Mr. MYRON H. BURNETT, Mr. ERNEST LEE WILLIAMS, Mr. FRANK SAFRANEK, for plaintiff in error.

Mr. ROBERT H. SCHAPER, Mr. E. J. POND, Messrs. BLOUNT, JANUARY & YEGGE, for defendants in error.

*In Department.*

MR. JUSTICE BAKKE delivered the opinion of the court.

THIS cause is brought here on writ of error to review the action of the trial court denying motion of plaintiff in error for an order offsetting two judgments.

The facts briefly stated, as shown by the record, are

as follows: Plaintiff in error, to whom we will hereinafter refer as Aleman, was involved in an automobile accident January 20, 1940, with C. C. Annable, one of the defendants in error, in which Annable suffered injuries to his person and automobile. Annable commenced action against Aleman in the district court in Lincoln county, Colorado, in February, 1940, and recovered judgment in the sum of $1,865, the same being entered January 29, 1941. March 8, 1941, Aleman filed a motion in said cause and court, stating that he had purchased through his agent a certain judgment of record—December 6, 1923—in Washington county, Colorado, in favor of one Isaac Pelton and against Annable, on which there was a balance due of $2,050. It appears that this assignment of the Pelton judgment was obtained for Aleman by his insurance company, The National Mutual Casualty of Tulsa, Oklahoma, in consideration of $350. Aleman knew nothing of the assignment at the time it was obtained, but in an affidavit filed in the district court he states that he "knows that a judgment against C. C. Annable has been purchased for and on behalf of this defendant and that he approves and ratifies the purchase of such judgment for the purpose of setting said judgment off against the judgment obtained by plaintiff against this defendant."

January 31, 1940, Annable entered into a written agreement with defendant in error, Robert H. Schaper, an attorney, whereby the latter was authorized to represent Annable in the suit against Aleman arising out of the automobile accident on a fifty per cent contingent fee basis, and March 11, 1941, Schaper filed an "attorney's" lien in the district court for the fifty per cent of $1,865, or $932.50 and $30.63 costs and expenses advanced in connection with Annable's suit.

Meanwhile, February 3, 1941, Annable had assigned his judgment of $1,865 to one Glenn Harris, which assignment was filed in court on March 9, 1941, the purpose of this assignment being to pay the following

creditors of Annable: Robert H. Schaper, attorney's fee and costs, $963.13; the National Fire Insurance Company of Hartford, $402.14 on account of payment for damage to Annable's car under a loan receipt which is on file; Doctor and Hospital bill, $200; and Glenn Harris (Harris Auto Co.), $380 ($235 note given as a down payment on a new car and $145 open account), making a total of $1,945.27.

The court in denying the motion for offset stated that the matter was one which should be decided upon principles of equity in an endeavor to do substantial justice, and held that since the Insurance company (National Mutual Casualty Company) furnished the money to buy the judgment to protect itself on the policy it had written for Aleman, "it would not be proper for the court to allow an offset of that judgment in this case."

It is not disputed that Aleman has not been in the state of Colorado since the automobile accident and manifested no interest in the entire matter save to sign the affidavit above mentioned sent to him in Oklahoma for his signature.

The principal contention has to do with the alleged failure of notice to Aleman of intention to claim lien, such notice being required by the attorney's lien law. Sections 14 and 15, chapter 14, '35 C.S.A. A sufficient answer to this contention is, that the trial court specifically found that Aleman had actual knowledge of Schaper's claim, and his counsel admit that there was a conflict of evidence on the point. In these circumstances we are of the opinion that there is sufficient evidence in the record to support the finding and consequently we do not disturb it. Where actual notice was had it was not fatal that Schaper's lien was not filed until after the Pelton assignment. This being true we think the case is controlled by *Dankwardt v. Kermode*, 68 Colo. 225, 187 Pac. 519, as counsel for plaintiff in error inferentially concede, except for the matter of notice, disposed of above. See, also, *Bouchey v. Gillilan*, 138

Kas. 404, 26 P. (2d) 451, and *Spokane Security Finance Co. v. Bevan,* 172 Wash. 418, 20 P. (2d) 31.

Another contention is that there was no consideration for the assignment by Annable to Harris. The trial court found there was, but if not, the matter may be passed until the question is raised in a suit brought by any of Annable's creditors.

Finally, it is argued that Schaper waived his attorney's lien by accepting employment from the National Fire Insurance Company which had issued the policy to Annable. Annable, not Schaper, signed the loan receipt to the company. The only agreement between Schaper and the company's attorneys was that he would see that its interest in the Annable judgment against Aleman was protected. There is no basis for any claim of waiver.

Judgment affirmed.

MR. CHIEF JUSTICE YOUNG concurs.

MR. JUSTICE BURKE concurs in the result.

MR. JUSTICE HILLIARD dissents.