No. 16,670.

McMULLIN ET AL. *v.* CITY AND
COUNTY OF DENVER.
(242 P. [2d] 240)

Decided March 3, 1952.   Rehearing denied March 24, 1952.

Mr. JOHN M. BOYLE, for plaintiffs in error.

Mr. BENTLEY M. MCMULLIN, pro se, and for plaintiff in error Maurine S. McMullin.

Mr. LEONARD M. CAMPBELL, Mr. GLENN G. SAUNDERS, Mr. WILLIARD S. SNYDER, for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

WE are confronted with a case of alleged constructive civil contempt and the question of the application of our present rule of civil procedure thereto.

As we find subdivision (a) of Rule 107 of our rules

of civil procedure, *as to what constitutes civil contempt,* the proponents apparently decided to combine two sections of the old code in a briefer form, and as stated by a member of that committee in address No. 16, "There is no material change in substance."

Paragraph (3) of section 356 of the old code was, "Disobedience to any lawful writ, order, rule or process issued by the court, or judge at chambers * * *." Now we have subdivision (a) of Rule 107, as follows: "Disobedience or resistance of any person to or interference with any lawful writ, process, order, rule, *decree* or command of said court * * *." (Italics supplied.) If this word "decree," without amplification, does not inject something that could be construed by some readers as a new or additional ground of contempt, then we fail to understand words in their usual sense and application. If it was intended as an additional ground, standing without any amplification, then it should be stricken from the rule, because we do not recognize the violation of the term of a decree, such as here, in a quiet-title action, as being contempt of court unless the decree contained a mandatory or prohibitive provision.

On the 31st day of January, 1951, plaintiff in error, Maurine S. McMullin, as petitioner, filed in the district court of Park county, a verified motion for citation of civil contempt in an old case, No. 1918 of that court, against defendants, praying that citation issue requiring defendant City and County of Denver, acting by and through its board of water commissioners, to show cause why defendant should not be punished for contempt and ordered to pay plaintiff damages, and that a fine be imposed against defendant to vindicate the dignity of the court for violation or disobedience of the terms of a decree entered in the case on October 15, 1934.

The motion set out as Exhibit A a copy of the decree. Subdivision (c) of Rule 107 of our rules of civil procedure provides that the motion be supported by affidavit, which was lacking in this case. The court issued

an ex parte order for the citation, and directed that the clerk issue the citation *directed to the defendant*. Under the title of "Citation" the clerk, on the 8th day of February, issued what may be called a summary of the proceedings and it was directed to the Manager of Safety and Excise and Ex-Officio Sheriff of the City and County of Denver, commanding the sheriff to cite and give notice to defendant City and County of Denver to appear on March 2, 1951, and show cause why it should not be punished for contempt. The above-mentioned rule provides that the citation issue to the person charged to appear, and that the citation and a copy of the motion and affidavit be served upon such person. This rule was not complied with although relied upon for the institution of the action. Defendant appears by a motion to vacate the order for the issuance of the citation without making the objections to the insufficiency of the pleadings, citation and the service. The motion to vacate was granted and the matter dismissed.

The original action in which the decree was entered was an action to quiet title of all parties involved in this matter and others to certain water rights held by them under Antero Reservoir contracts. Title to the reservoir was quieted in Denver and the title to the storage rights quieted with respect to the numerous parties then and here involved. By the decree, the storage rights of Denver were made subordinate to the storage rights of other water users from the reservoir. In the motion it was alleged that on August 10, 1950, Denver, acting through its board of water commissioners, refused to deliver water under said contract as provided by the decree; declared said contracts to have been terminated and of no further force and effect; and applied to its own use the water provided by said decree to be delivered to plaintiff and others according to the decree.

A careful study of the decree as set out verbatim in the record before us, discloses no prohibitive or mandatory provision in the decree as against defendant City

and County of Denver. In other words, the decree does not require Denver to do or refrain from doing anything, in fact, the wrong, if any, charged against Denver by this motion, is its failure to deliver water as provided by the contracts, and it appears the wrong is not a violation of the court decree in a contemptuous manner. In plaintiff's brief we find, "It is true that the decree did not require the City and County of Denver to do any affirmative thing or to perform any specific affirmative duty in regard to the water in Antero Reservoir." However, plaintiff contends that because Denver was a party to the decree, it was bound to take no action that would violate its terms. This decree, for the purposes of the present case, must be taken according to its plain wording, and not interpreted in the way plaintiff would desire to have it read. Plaintiff clearly admits it to be a quiet-title decree. Innuendo will not supply any element of the decree necessary for a contempt proceeding which is extraordinary in nature and drastic in its possibilities. The violation of property rights and the right of property ownership, even when such rights have been decreed by a court with full jurisdiction, does not constitute contempt of court. If the property rights of plaintiff have been interfered with, our laws provide appropriate procedure and remedies therefor.

Our reading of the various cases cited, discloses that where decrees have been contemptuously violated, such decrees contained either or both prohibitory or mandatory provisions. If we recognize and approve the attempt here to change a quiet-title decree into an injunctive decree, the disastrous results would be interminable.

The ruling of the trial court vacating the order and citation and dismissing the action was correct. This ruling was based on the ground of the motion to vacate which in substance was, that no order of the court existed requiring action by defendant, or any order capable of being disobeyed by defendant. Some argument is

presented by defendant that a municipal corporation may not be made to respond to civil contempt in this kind of case. This presents an interesting question which we do not feel is necessary to determine in this proceeding.

For the reasons herein stated, the judgment of the trial court is affirmed.

MR. JUSTICE STONE concurs in the result.