## No. 17,694.

BENTLEY M. MCMULLIN, ET AL. *v.* CITY AND COUNTY OF
DENVER, ETC. BOARD OF WATER COMMISSIONERS.

(294 P. [2d] 918)

Decided March 12, 1956.    Rehearing denied April 2, 1956.

Mr. BENJAMIN GRIFFITH, Mr. J. STUMP WITCHER, Mr.
JOHN R. GRIFFITH, for plaintiffs in error.

Mr. JOHN C. BANKS, Mr. GLENN G. SAUNDERS, Mr. WIL-
LARD S. SNYDER, Mr. ROBERT N. TRUNK, for defendants in
error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

ON October 15, 1934 the District Court of Park County, Colorado, in cause numbered 1918 on the docket of said court, entered its decree quieting title to certain reservoir and water rights as between Bentley M. McMullin, et al., as plaintiffs, and the City and County of Denver and its Board of Water Commissioners, as defendants.

January 31, 1951, Bentley M. McMullin and "petitioner" Maurine S. McMullin, who alleged that she at the time of said quiet title decree and ever since has been "the equitable and beneficial owner of the contracts declared by said decree to be owned by plaintiff Bentley M. McMullin and for that reason" joined in a motion asking that a citation be issued against defendant to show cause why it should not be punished for contempt because of non-delivery of water to the said Bentley M. McMullin and Maurine S. McMullin which it is claimed they were entitled to under their Antero Reservoir contracts. The motion was denied and the cause was brought to this court, where on March 3, 1952 the action of the trial court was affirmed. *McMullin, et al. v. City and County of Denver,* 125 Colo. 231, 242 P. (2d) 240.

On December 31, 1953 said Bentley M. McMullin and Maurine McMullin filed in said cause numbered 1918 a petition for an "order enforcing decree." This petition recited the identical matters set forth in the motion for a citation for contempt filed more than a year before and prayed that an order be entered "requiring defendant City and County of Denver, acting by and through its Board of Water Commisioners, to comply with, carry out and perform the terms and provisions of said decree in the manner specified therein" and for such other and further relief as might be just and proper, "to fully protect the rights granted and provided for by said decree."

On April 1, 1955 this motion was denied and plaintiffs are again here by writ of error.

In *McMullin v. Denver,* supra, we said:

"A careful study of the decree as set out verbatim in the record before us discloses no prohibitive or mandatory provision in the decree as against defendant City and County of Denver. In other words, the decree does not require Denver to do or refrain from doing anything, in fact, the wrong, if any, charged against Denver by this motion is its failure to deliver water as provided by the contracts, * * *. In Plaintiffs' brief we find, 'It is true that the decree did not require the City and County of Denver to do any affirmative thing or perform any specific affirmative duty in regard to the water in Antero reservoir.'"

The final judgment and decree in case numbered 1918 was entered October 15, 1934. No review thereof was sought. The instant proceeding was a roundabout attempt on the part of the McMullins to obtain relief in the nature of specific performance of the Antero Reservoir contracts. It was an attempt to change a simple quiet title decree, an action in rem, to a decree of specific performance, an action in personam. The deliveries of water which apparently is what is sought by plaintiffs, would impose a continuing personal burden upon defendants, continuing year after year. Movants, as we read their briefs, sought to compel Denver to store and release water, to open and shut valves and to open and close headgates. No such obligations are imposed in the final decree of October 15, 1934. By this motion, plaintiffs in effect seek an amendment, alteration or modification of the original decree. The "enforcing" order sought was clearly outside the terms of the original decree quieting title, and the trial court properly refused to do indirectly what it could not do directly. A final decree may not be altered, amended or modified after it has been duly entered and the time for review has passed, except as to clerical errors which

may be corrected in order that the decree may speak the truth.

In *Hinderlider v. Canon Heights Irrigation and Reservoir Company,* 117 Colo. 183, 185 P. (2d) 325, it is said: "As above noted this action was tried as a suit for the construction of the 1910 decree. A decree is not woven of thin air; it is a determination of a specific issue presented to the court. It is grounded on the facts creating that issue."

In *Green v. Thatcher,* 31 Colo. 363, 72 Pac. 1078, it was held that " * * * a refusal to open a judgment is not a judgment, sentence or decree, and it concludes nothing. On principle it seems well settled that where a final judgment is itself appealable, an appeal must be taken from such judgment, and not from a subsequent order refusing to set it aside."

"Judicial proceedings subsequent to final judgment can only be reviewed in connection with a review of the latter." *First National Bank of Denver v. Follett,* 46 Colo. 452, 104 Pac. 954.

The final judgment in case numbered 1918 was subject to review by writ of error within the time limited by our rules. No such review was sought and a writ of error will not lie from a ruling subsequently entered refusing to modify or change the final decree. *Sutley v. Davis,* 131 Colo. 75, 279 P. (2d) 848.

The 1934 decree in case numbered 1918 quieted title in the respective parties to that action. It did nothing more. It imposed no duties nor did it forbid any action on the part of the City of Denver. It appears that whatever rights the McMullins may have, arise by virtue of certain Antero Reservoir Contracts. So far as we can ascertain from the record before us and the briefs submitted, these contracts were not issued by Denver. The specific issues presented to the trial court in case numbered 1918 were determined by the 1934 decree, and this was the only final judgment in the case. Maurine McMullin was not a party to that action, yet she now

appears as one of the "petitioners" in the instant proceeding, seeking to alter the decree entered twenty years ago and to impose on Denver obligations not included in the only final judgment in the case.

We must conclude that the denial of the "order enforcing decree" was not a final judgment, hence did not entitle McMullin to have the ruling reviewed on writ of error. Accordingly, the writ of error is dismissed.