## No. C-544

## Darryl Province v. Linda Brown

## No. C-546

## J. L. Rosenbloom v. Linda Brown
(532 P.2d 948)

Decided March 17, 1975.

Yegge, Hall and Evans, Richard D. Hall, for petitioner Darryl Province.

Petersen and Fonda, P.C., Donald E. Abram, for petitioner J. L. Rosenbloom.

Walter L. Gerash, P.C., for respondent.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

Linda Brown brought suit against doctors Rosenbloom and Province to recover damages for their alleged negligence. The doctors filed supporting affidavits with motions for summary judgment. The court granted the motions and dismissed the complaint. The Court of Appeals reversed, holding that while the doctors may be immune from suit under section 27-9-122, C.R.S. 1973, there remained the question of whether the doctors acted in good faith. This presented an issue which had to be determined by the trier of fact in a trial. *Brown v. Rosenbloom,* 34 Colo. App. 109, 524 P.2d 626 (1974). We granted certiorari on separate petitions filed by the doctors to review that decision. We consolidated the cases here. We affirm the Court of Appeals.

One Culver Murray had been jailed with a long history of sadistic sexual assaults upon women. When Murray was eligible for release, the district court appointed the petitioner doctors as a medical commission to evaluate his sanity. Sections 17-1-209 and 17-1-210, C.R.S. 1973. After a hearing, the doctors found Murray to be legally sane and recommended discharge. The district court released him.

Within one year thereafter, Murray allegedly murdered two women and viciously assaulted two others, including the respondent Linda Brown.[1] Ms. Brown sustained numerous and serious

---

[1]Murray subsequently pled guilty to one of the murders and was sentenced to life imprisonment.

injuries from the assault, allegedly the direct result of the negligence of the examining doctors. She claims they failed to use reasonable care in their diagnosis and evaluation of Murray, resulting in his release to endanger her and others.

The doctors denied all negligence. They further affirmatively assert that having acted in good faith under a court order as a medical commission, they are immune from civil liability because of section 27-9-122, C.R.S. 1973. It provides:

"*Actions barred.* No person, acting in good faith under any order of court directing that a respondent be . . . held for . . . examination [and] diagnosis . . . and not acting in violation or abuse thereof, shall be liable for such action . . . ."

Cited are four decisions which have considered whether judicial immunity protects the quasi-judicial officers of a medical commission from civil suit if they act within the scope of their lawfully authorized jurisdiction. Three of these decisions have held that judicial immunity does apply where, as here, the medical commission was appointed pursuant to statutory authority. *See Duzynski v. Nosal,* 324 F.2d 924 (7th Cir. 1963); *Bartlett v. Weimer,* 268 F.2d 860 (7th Cir. 1959); *Linder v. Foster,* 209 Minn. 43, 295 N.W. 299 (1940). In one case no statute was cited, but the attending doctors were clearly appointed pursuant to a court order and, therefore, granted absolute privilege for their actions arising out of the judicial proceedings. *See Cawthon v. Coffer,* 264 So.2d 873 (Dist. Ct. App. Fla. 1972).

There is no Colorado case law on point; however, we elect to follow the trend in other jurisdictions. Medicine is not an exact science. Doctors, as other people, make honest mistakes and errors in judgment. In the public interest they should be reasonably protected in undertaking to perform the duties imposed on them by statute. Thus, we hold that section 27-9-122 offers immunity from civil liability to the two petitioner doctors — if they acted in good faith and without violation or abuse of the court order.

Respondent Brown contends that section 27-9-122 applies only to suits arising out of confinement or detention as a result of a sanity hearing rather than release. We do not believe the statute is that narrow, for it nowhere qualifies the actions barred by its grant of immunity.

We have considered all other contentions and found them to be without merit.

Judgment is affirmed and cause remanded to the Court of Appeals with directions to remand to the trial court for reinstatement of respondent's complaint and for further proceedings not inconsistent with the views expressed herein.