Paul G. **SALLE**, Plaintiff–Appellee,

v.

William B. **HOWE** d/b/a Green Mountain Cemetery, Defendant–Appellee,

And Concerning Stephen R. Ehrlich and Lee Jay Belstock, Petitioners–Appellants.

No. 88CA1160.

Colorado Court of Appeals, Division V.

March 29, 1990.

Rehearing Denied May 17, 1990.

No appearance for plaintiff-appellee Paul G. Salle.

Carl F. Manthei, P.C., Carl F. Manthei, Boulder, for defendant-appellee.

Steven R. Polidori, Denver, for petitioner-appellant Stephen R. Ehrlich.

Lee Jay Belstock, pro se.

Opinion by Judge RULAND.

Stephen R. Ehrlich and Lee Jay Belstock, counsel for plaintiff, Paul G. Salle, appeal from an order of the trial court denying their motion to recover attorney fees from the proceeds of a letter of credit filed with the court by defendant, William B. Howe. We affirm in part and reverse in part.

Appellants served as counsel for Salle, in the trial court and on appeal, respectively, in connection with a wage claim against Howe. Each attorney had a contingent fee agreement with Salle.

After the complaint was filed, a default judgment in the approximate amount of $40,000 was entered against Howe. The judgment included attorney fees pursuant to the wage claim statute. *See* § 8–4–114, C.R.S. (1986 Repl.Vol. 3B).

While the appeal was pending, appellants were successful in requiring Howe to post a letter of credit to secure payment of the judgment in exchange for release of an execution lien against Howe's airplane. Also while the appeal was pending, Howe's corporation, Boulder Cemetery Association, obtained a default judgment in the Adams County District Court against Salle in the approximate amount of $22,000. This judgment was not appealed.

Salle, without the knowledge of appellants, personally corresponded with Howe requesting that the parties attempt a settlement of their dispute. Howe received the letter five days prior to the affirmance of the default judgment against him by this court in *Salle v. Howe*, 757 P.2d 154 (Colo. App.1988).

Howe arranged to meet with Salle approximately one week after the opinion of this court was announced. Howe testified that he was not aware that the judgment against him had been affirmed.

The parties discussed, signed, and consummated a settlement agreement the same day. As of that date, the judgment against Howe totalled approximately $54,000. The settlement consisted of Howe's agreement to discharge his corporation's judgment in the then approximate amount of $24,000, and to pay an additional $7,500 in cash to Salle.

To consummate the settlement, Howe engaged the services of a separate attorney to prepare "satisfactions" for the judgments, and the parties executed a settlement agreement prepared by Howe. The parties had discussed the fact that appellants were handling the case for Salle based upon contingency fee agreements. The agreement provided that the cash pay-

ment constituted "satisfaction-in-full for any monetary claims between the parties hereto, their counsel, or any other persons...."

The satisfactions were then filed and Howe thereafter notified his attorney of record in this case of the settlement. Upon learning of the settlement, appellants immediately filed a notice of their attorneys' lien.

The net effect of the settlement was that Salle received significantly more funds than he would have received from proceeds of the letter of credit which secured payment of the judgment because he paid no attorney fees. Howe, on the other hand, satisfied the judgment against him for approximately $22,000 less than would have been paid under the letter of credit.

Following a hearing, the trial court found that Howe had acted in good faith in entering into the settlement. The court concluded that because a notice of lien had not been filed with the clerk of the court prior to the date of settlement, the attorneys were not entitled to assert any claim against the proceeds of the letter of credit.

## I.

■ Relying upon *Board of County Commissioners v. Berkeley Village*, 40 Colo.App. 431, 580 P.2d 1251 (1978), appellants contend that, because Howe knew that Salle had not paid his attorney fees, Howe was obligated to make inquiry concerning their lien before consummating the settlement. However, we agree with the trial court's interpretation of that decision.

*Berkeley Village* addressed the obligation of an assignee of the judgment creditor to make inquiry of the judgment creditor's attorney concerning his lien. The court held that such an inquiry by an assignee is required if it is apparent that the attorney may be relying upon the proceeds of the judgment to pay his fee and the judgment creditor is in financial difficulty.

On the other hand, under present case law, the judgment debtor is not burdened by the same obligation as an assignee of the judgment creditor. Rather, the attorney may look to the judgment debtor for

his fee only if notice of the lien has been filed, or if the judgment debtor has actual or constructive notice of the lien claim, or if the settlement was not undertaken in good faith. *Aleman v. Annable*, 110 Colo. 61, 129 P.2d 987 (1942); *Nichols v. Orr*, 63 Colo. 333, 166 P. 561 (1917); *Cottonwood Hill, Inc. v. Ansay*, 782 P.2d 1207 (Colo. App.1989).

The determination of whether Howe acted in good faith requires an assessment of his subjective intent which, in turn, depends here upon his credibility. *See Brown v. Rosenbloom*, 34 Colo.App. 109, 524 P.2d 626 (1974), *aff'd sub nom. Province v. Brown*, 188 Colo. 83, 532 P.2d 948 (1975). The trial court having resolved that issue in Howe's favor, we are compelled to abide by that ruling. *Thiele v. State*, 30 Colo.App. 491, 495 P.2d 558 (1972).

## II.

■ Appellants next contend that, under the particular facts of this case, their lien encumbered the letter of credit as a matter of law. We agree in part.

The lien created by § 12–5–119, C.R.S. (1985 Repl.Vol. 5) is initiated when counsel first commences work upon a case and attaches for the benefit of counsel against the proceeds of any judgment obtained for his client. *Dankwardt v. Kermode*, 68 Colo. 225, 187 P. 519 (1920); *In re Marriage of Smith*, 687 P.2d 519 (Colo.App. 1984).

There are circumstances under which a party is, in effect, charged with notice of the lien claim as a matter of law. In *Collins v. Thuringer*, 92 Colo. 433, 21 P.2d 709 (1933), our supreme court determined that one who garnished a judgment debtor to secure funds owed to him by a judgment creditor did not have priority over the lien of the attorney for the judgment creditor. The basis for the court's decision was that a garnishor could not acquire more rights in the judgment than the judgment creditor had, and the judgment creditor's rights were subject to the attorney's lien. Thus, the garnishor was deemed to occupy no better position than a purchaser with notice even though notice of the lien had not been filed.

We are required to look at the substance of a transaction and not to its form, *Wilson v. Goldman,* 699 P.2d 420 (Colo.App.1985), and the law may not be used to permit one to accomplish indirectly what he may not achieve directly. *See McMullin v. Denver,* 133 Colo. 297, 294 P.2d 918 (1956).

Here, Howe has effectively recovered his corporation's judgment in full, without the aid of garnishment, by including it as part of the settlement. We therefore conclude that, to the extent of the judgment against Salle, Howe could not obtain satisfaction thereof in full and avoid the attorneys' lien of appellants because he occupied the position of a purchaser with notice. *See Dankwardt v. Kermode, supra.*

### III.

■ Appellants contend that the trial court erred in concluding that calculation of their contingency fees must be based upon the cash payment to Salle. Howe responds that the contingency fee agreements are limited to the amount collected on the judgment and that, therefore, the trial court's calculation was correct. We conclude that the trial court erred in this ruling.

Salle received, in effect, an additional $24,000 because a valid subsisting judgment against him was satisfied in full via the settlement agreement. Hence, we conclude that for purposes of the fee calculations, appellants are entitled to view the recovery as $7,500 plus the amount of the judgment against Salle as of the date of the settlement. *See Dankwardt v. Kermode, supra.*

The trial court order is affirmed insofar as it concluded that the appellants could not obtain fees from proceeds of the letter of credit to the full extent of their claim. The remainder of the order is reversed, and the cause is remanded with directions to enter judgment against Howe to the extent of attorney fees due appellants based upon the $7,500 paid Salle plus the amount of the judgment against Salle.

DUBOFSKY, J., concurs.

JONES, J., dissents.

Judge JONES, dissenting.

I respectfully dissent because I conclude that judgment should be entered against Howe for the full amount of the attorney fees due appellants from Salle.

This is not a case in which collection of the judgment was uncertain. Collection was guaranteed by the letter of credit. Hence, in my view, appellants had an interest in the judgment which could not be bargained away by Salle without their consent. And, I believe that our supreme court, in effect, recognized this concept as an exception to the "good faith settlement" rule in *Nichols v. Orr,* 63 Colo. 333, 166 P. 561 (1917).

I also believe that Howe should be deemed to have notice of appellants' full lien claim as a matter of law. Even if one assumes that the inquiry rule adopted in *Board of County Commissioners v. Berkeley Village,* 40 Colo.App. 431, 580 P.2d 1251 (1978) does not apply to judgment debtors, there is one additional fact which I conclude furnishes notice to Howe of the lien claim in this case as a matter of law.

Howe knew or should have known that the original default judgment against him included an award of attorney fees that exceeded the amount of the cash settlement with Salle. Under such circumstances, I would apply the rule that precludes any settlement by a client the effect of which is to reduce, in any manner, the award of attorney fees by court order. *See Grynberg v. Bancroft, Avery, & McAlister,* 48 B.R. 726 (D.Colo.1983), *aff'd,* 758 F.2d 1398 (10th Cir.1985). I would extend this rule to require that Howe make inquiry regarding the attorney lien claim, and since he failed to do so, I would conclude that he settled the claim at his peril.

Hence, I would reverse the order in its entirety and would remand the case for entry of judgment against Howe for the full amount of the appellants' claim.