**Gale STINER and Kim Stiner, Plaintiffs,**

v.

**PLANNED MANAGEMENT SERVICES, INC., Defendant–Appellant,**

and

**Concerning Daniel W. Dean, Appellee.**

No. 94CA1617.

Colorado Court of Appeals, Div. IV.

Nov. 24, 1995.

Rehearing Denied Jan. 11, 1996.

Certiorari Denied Sept. 3, 1996.

Daniel W. Dean, Pro Se.

Berryhill, Cage & North, P.C., Jack W. Berryhill, Patricia A. Thatcher, Denver, for Defendant–Appellant.

Opinion by Judge KAPELKE.

Defendant, Planned Management Services, Inc. (Planned Management), appeals from the trial court's order denying its motions to alter or amend judgment and for entry of a net judgment in its favor. We affirm.

Gale and Kim Stiner (the Stiners), through their attorney, Daniel W. Dean, brought this action against Planned Management based on wrongful termination. Planned Management filed counterclaims against the Stiners, asserting a claim based on unlawful detainer as well as various tort and contract claims.

The trial court bifurcated the claim for unlawful detainer and held the trial on that claim in May of 1992. Following that trial, the court entered judgment in favor of the Stiners, awarding them $2,358 for attorney's fees and costs. Planned Management appealed, and a division of this court affirmed the judgment. *Stiner v. Planned Management Services, Inc.,* (Colo.App. No. 92CA0960, May 6, 1993) (not selected for official publication).

Following a jury trial on the other claims and counterclaims in November 1993, the trial court entered a judgment in favor of Planned Management on its counterclaims in the amount of $254,775 and against the Stiners on their remaining claims. On December 3, 1993, Dean filed notice of a statutory attorney lien on the Stiners' judgment against Planned Management. Thereafter, the trial court awarded the Stiners additional attorneys fees in the amount of $6,642.

After Dean had filed notice of his attorney lien, Planned Management filed its motion to alter or amend judgment and for entry of a single net judgment in its favor in the amount of the difference between its judgment against the Stiners and their judgment against it. Thereafter, Dean foreclosed on his attorney lien and obtained assignment of the Stiner's judgment against Planned Management. Dean thus appears as appellee in this appeal.

I.

Planned Management contends that the trial court erred in denying its motions for setoff and entry of a net judgment in its favor. We disagree.

When there are judgments in favor of each party and against the other, the trial court should generally enter a single judgment in the amount of the net difference between the two judgments. *Husband v. Colorado Mountain Cellars, Inc.,* 867 P.2d 57 (Colo.App.1993). However, our supreme court has held that when an attorney lien on one of the judgments attached prior to the request for setoff, that lien has priority and precludes entry of a net judgment. *Dankwardt v. Kermode,* 68 Colo. 225, 187 P. 519 (1920). *See also Aleman v. Annable,* 110 Colo. 61, 129 P.2d 987 (1942).

In *Dankwardt,* Kermode entered into a contract with two attorneys to represent her in a suit against Dankwardt. The attorneys were retained under a contingent fee arrangement by which each was to receive one-third of any judgment obtained. While Kermode's suit was pending, Dankwardt obtained two judgments in two separate suits against Kermode. In her action against Dankwardt, Kermode obtained a judgment in her favor. Dankwardt sought entry of a single net judgment for the difference between the previous judgments in his favor and the judgment against him. The issue was whether the attorneys' lien on the judg-

ment of their client against Dankwardt had priority over Dankwardt's claimed entitlement to set off the judgment in his favor. Our supreme court held that the lien of Kermode's attorneys took priority over Dankwardt's right to ·a setoff. In reaching its decision, the court relied on the then existing statute governing attorney liens and concluded that the provision conferring a "first lien" status on the attorney lien gave that lien priority. *Dankwardt v. Kermode, supra.*

The current statute governing attorney liens is almost identical to the statute in effect at the time of the *Dankwardt* decision and provides, in pertinent part:

> [In] the case of judgments obtained in whole or in part by any attorney, such attorney may file ... notice of his claim as lienor ... which notice, duly entered of record, shall be notice to all persons and to all parties, including the judgment creditor ... that the attorney has a *first* lien on such demand in suit or on such judgment for the amount of his fees.

Section 12–5–119, C.R.S. (1991 Repl.Vol. 5A) (emphasis added).

Here, Planned Management had notice of Dean's attorney lien no later than December 3, 1993, which was before Planned Management sought entry of a net judgment.

In light of the *Dankwardt* holding, we are compelled to conclude that Dean's attorney lien takes priority over Planned Management's right to offset the opposing judgments and obtain a single net judgment in its favor.

### A.

■ Planned Management, however, argues that *Dankwardt* is not controlling because that ruling is limited to situations in which the opposing judgments grew out of prior independent transactions. We are not persuaded.

Planned Management relies on the following language for its assertion that *Dankwardt* does not apply here:

> [T]he following decisions held that an attorney's lien cannot be defeated by any right of set-off of judgments thereafter

recovered, growing out of prior independent transactions ...

*Dankwardt v. Kermode,* 68 Colo. at 229, 187 P. at 520 (1920).

However, the quoted language is at most, dictum, and the court in *Dankwardt* did not indicate that its decision would have been different had the judgments stemmed from claims asserted in the same suit and involving related transactions. The critical fact remains that Dean gave notice of his attorney lien before Planned Management applied for a setoff of the judgment. We see no meaningful significance in the fact that the judgments were rendered in a single action. *See* Annot., 27 A.L.R.5th 764 (1995) (recognizing that Colorado determines priority between attorney lien and right to setoff judgments based on the order in which the rights were asserted).

We also find unpersuasive Planned Management's argument that this case is controlled by *Whitehead v. Jessup,* 7 Colo.App. 460, 43 P. 1042 (1896). In *Whitehead,* the court held that a setoff was appropriate even though one of the parties had assigned his judgment proceeds to his attorney. However, the *Dankwardt* court distinguished *Whitehead* based upon the fact that the attorney in that case had not obtained a lien, but rather was relying solely upon his status as assignee.

Here, Dean filed notice of his lien before Planned Management requested entry of a net judgment. Thus, the rule in *Dankwardt* applies. The fact that Dean ultimately foreclosed the lien and obtained an assignment of the judgment, pursuant to § 12–5–119, C.R.S. (1991 Repl.Vol. 5A), does not mandate the conclusion that Planned Management's right to a setoff has priority over Dean's attorney lien.

### B.

Planned Management finally contends that the statute governing attorney liens does not require the result reached by the trial court and that if the General Assembly had intended such liens to have "super" priority, there would be express language in the statute to that effect.

This argument ignores the holding of *Dankwardt* and the court's interpretation of an almost identical predecessor statute in that case. We therefore reject this contention as well.

We conclude that the trial court did not err in denying the motion for entry of a net judgment.

The order denying the motions of Planned Management is affirmed.

TAUBMAN, J., concurs.

NEY, J., dissents.

Judge NEY dissenting.

I dissent because I believe that when, in one case, there are judgments in favor of each party and against the other, the trial court should generally enter a single judgment in the amount of the net difference between the two judgments.

The reason for this rule was articulated in *Husband v. Colorado Mountain Cellars, Inc.*, 867 P.2d 57, 61 (Colo.App.1993) as follows:

[The] entering of two separate money judgments in a case, such as this, in which one party is free to collect its full judgment, while the other party's collection efforts may be handicapped or prevented by the insolvency or bankruptcy of the first party, would result in intrinsic inequity.

Relying on *Dankwardt v. Kermode*, 68 Colo. 225, 187 P. 519 (1920), the majority concludes that, notwithstanding the policy considerations discussed in *Husband*, an attorney lien on a judgment has priority over the judgment debtor's right to obtain a setoff against that same judgment.

In explaining its holding, the *Dankwardt* court pointed to decisions of courts in other jurisdictions which recognized that an attorney lien cannot be defeated by a right of setoff of judgments *thereafter received, growing out of prior independent transactions.* The *Dankwardt* court further limited its ruling to the facts of that case.

Unlike *Dankwardt*, the judgments here for which setoff was requested were not judgments in separate, independent actions, but rather, judgments on the complaint and counterclaim in the same action. Had it not been for the somewhat fortuitous fact that the unlawful detainer claim was separately tried and reduced to judgment before the counterclaim, the court would have entered a single net judgment in the first instance, and Dean's attorney lien on the judgment against Planned Management would not have attached.

In analyzing this situation, other courts have determined that the right to set off opposing judgments should prevail over an attorney lien when the judgments are entered in the same or a closely-related action. *See John W. Muije, Ltd. v. North Las Vegas Cab Co.*, 106 Nev. 664, 799 P.2d 559 (1990); *Galbreath v. Armstrong*, 121 Mont. 387, 193 P.2d 630 (1948); *Dalton State Bank v. Eckert*, 135 Neb. 500, 282 N.W. 490 (1938); *Wildung v. Security Mortgage Co. of America*, 143 Minn. 251, 173 N.W. 429 (1919); *Lindsay v. Pettigrew*, 8 S.D. 244, 66 N.W. 321 (1896).

As the court recognized in *Lindsay v. Pettigrew, supra*, when each party has obtained a judgment in the same action, there are equities between the parties that the court is entitled to adjust without reference to the lien of the attorney of either party. The attorney must await determination of the net judgment and the adjustment of the equities which may result, as here, in the elimination of a judgment to which the attorney's lien can attach.

This outcome is, in my view, consistent with the policy enunciated in *Husband v. Colorado Mountain Cellars, Inc., supra*, and a contrary result would be anomalous because Planned Management would have a potentially uncollectible judgment against the Stiners, yet would still be required to pay Dean the entire amount of the much smaller judgment entered in their favor.

Accordingly, I conclude that the attorney lien asserted by Dean did not preclude the trial court from entering a single net judgment in favor of Planned Management and that, under these circumstances, Planned Management's right to setoff has priority over Dean's attorney lien.

Therefore, I would reverse the trial court's order and remand this cause with directions to enter a net judgment in favor of Planned Management.