**HARTSEL SPRINGS RANCH OF COLORADO, INC.,**
Plaintiff–Appellee,

v.

**CROSS SLASH RANCH, LLC, Vernon Wagner, Veyon Wagner, James Wagner, Denise Wagner, Brad Severson, and Cecil Hart, Defendants–Appellants.**

No. 06CA0691.

Colorado Court of Appeals,
Div. II.

Sept. 6, 2007.

Rehearing Denied Nov. 8, 2007.

Hogan & Hartson, L.L.P., Robert C. Troyer, Dugan Bliss, Denver, Colorado, for Plaintiff–Appellee.

Wilderson, O'Hayre, Dawson & Norris, P.C., Rufus O. Wilderson, Gunnison, Colorado, for Defendants–Appellants.

Opinion by Judge CASEBOLT.

Defendants, Cross Slash Ranch, LLC (CSR), Vernon Wagner, Veyon Wagner, James Wagner, Denise Wagner, Brad Severson, and Cecil Hart, appeal the judgment holding them in contempt of court and imposing remedial sanctions for violation of an order previously entered in favor of plaintiff, Hartsel Springs Ranch of Colorado, Inc. (Hartsel). We affirm in part and reverse in part.

Hartsel leased real property to CSR for cattle grazing. The Wagners are employees of CSR, and the remaining defendants leased cattle to CSR. After a dispute arose concerning the tenancy, Hartsel commenced a forcible entry and detainer (FED) proceeding under § 13–40–101, et seq., C.R.S.2006, against CSR and the other defendants.

In December 2004, following a hearing, the trial court found for Hartsel and entered an order awarding it immediate possession. Thereafter, defendants removed their cattle and vacated the premises.

Despite the order, beginning in February 2005, the cattle were allowed to resume grazing upon Hartsel's property, prompting Hartsel to initiate this contempt proceeding. Following a hearing, the trial court found defendants in contempt, concluding they wrongfully had allowed their cattle to re-enter and graze upon Hartsel's property. The court directed defendants to remove the cattle and awarded attorney fees and ex-

penses in favor of Hartsel. This appeal followed.

## I.

Defendants contend that the court's December 2004 order merely restored possession of the property to Hartsel but did not direct them to vacate it. Defendants therefore contend that they cannot be held in contempt. We disagree.

■ On appeal, we review the trial court's factual findings under the clear error standard but review its legal conclusions de novo. *DiCocco v. Nat'l Gen. Ins. Co.*, 140 P.3d 314, 316 (Colo.App.2006).

■ C.R.C.P. 107(a)(1) states, as relevant here, that contempt is the "disobedience or resistance by any person to or interference with any lawful writ, process, or order of the court." The authority to punish contempt derives from the court's inherent power to enforce obedience to its orders. *Kourlis v. Port,* 18 P.3d 770, 773 (Colo.App.2000).

■ To find defendants in contempt of the immediate possession order, the trial court had to find that the immediate possession order existed and was a lawful order of the court; defendants knew of the order; defendants had the ability to comply with the order; and defendants willfully refused to comply with the order. *See In re Boyer,* 988 P.2d 625, 627 (Colo.1999)(*Boyer); see also People ex rel. Pub. Utils. Comm'n v. Entrup,* 143 P.3d 1120, 1124 (Colo.App.2006).

■ Generally, there can be no contempt unless an order or decree requires a party to do, or refrain from doing, some specific act. *McMullin v. City & County of Denver,* 125 Colo. 231, 232, 242 P.2d 240, 241 (1952).

■ Here, in its December 2004 order, the trial court found that defendants "forcibly and unlawfully detain the plaintiff from possession of the real property and improvements," and entered judgment in favor of Hartsel "for immediate possession of the real property and improvements."

Later, in its judgment on the motion for contempt, the trial court stated that "if the defendants, after removing their cattle from [Hartsel's] property, wrongfully allowed their cattle to re-enter [Hartsel's property], depriving [it] of the possession that the court had awarded ... then this would amount to a contempt of the court's earlier order."

We agree with the trial court's conclusion. The court's original order was sufficiently directive and mandatory inasmuch as it directed defendants to dispossess themselves of the property and return possession of it to Hartsel. Indeed, defendants' actions in removing their cattle after issuance of the order illustrates that they clearly understood it to mean they must vacate the property.

■ Defendants nevertheless assert that the finding of contempt is improper because there are no cases allowing contempt in an FED action. However, there is nothing in C.R.C.P. 107 or in the FED statutes precluding the remedy of contempt in an FED action under appropriate circumstances. *See* § 13–40–101, et seq.; *People v. McGlotten,* 134 P.3d 487 (Colo.App.2005)(contempt sanction available to order court reporter to be jailed until she assisted in preparing transcripts); *In re Lopez,* 109 P.3d 1021 (Colo. App.2004) (contempt available against non-party social workers who obstructed or interfered with court's guardianship orders).

## II.

■ Defendants contend that the cattle at issue were sold to a new entity following the court's possession order and that, therefore, defendants cannot be held in contempt. We agree in part.

Here, the evidence was undisputed that after the order of possession issued and before the motion for contempt was filed, defendants sold the cattle to a new entity. However, Vernon Wagner and James Wagner, who had been parties to the FED action, continued to control where the cattle were grazing, notwithstanding the transfer of ownership.

Accordingly, the trial court did not err in finding Vernon Wagner and James Wagner in contempt. In contrast, because there is no evidence that the remaining defendants had possession, ownership, or control over the animals, the contempt determination as

to those defendants cannot stand. *See Boyer* (contemnor must have the ability to comply with the order and must willfully refuse to comply).

The judgment of contempt against Vernon Wagner and James Wagner is affirmed. The judgment as to the remaining defendants is reversed.

Judge ROTHENBERG and Judge ROMÁN concur.