AUSTIN ROAD COMPANY, Petitioner,

v.

OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION and Raymond J. Donovan, Secretary of Labor, Respondents.

Nos. 78-2986, 81-4050.

United States Court of Appeals, Fifth Circuit.

Aug. 25, 1982.

Jenkens & Gilchrist, Steven R. McCown, Dallas, Tex., for petitioner.

Ann D. Nachbar, Dennis K. Kade, U. S. Dept. of Labor, Washington, D. C., Allen H. Sachsel, Atty., Dept. of Justice, Washington, D. C., for respondents.

Before BROWN, GOLDBERG and POLITZ, Circuit Judges.

POLITZ, Circuit Judge:

These petitions for review of an order of the Occupational Safety and Health Review Commission (commission) pose the threshold issue whether the record establishes that Austin Road Company is an employer within the meaning of 29 U.S.C. § 652(5),[1] a requisite for the commission's exercise of jurisdiction. Concluding that the Secretary of Labor failed to demonstrate the applicability of the Occupational Safety and Health Act, 29 U.S.C. §§ 651–678, and that the commission's ruling does not comport with the procedural requirements of 5 U.S.C. § 557(c),[2] we grant review and deny enforcement.

---

**1.** 29 U.S.C. § 652(5): "The term 'employer' means a person engaged in a business affecting commerce who has employees, but does not include the United States or any State or political subdivision of a State." Section 652(3) also provides that the "term 'commerce' means trade, traffic, commerce, transportation, or communication among the several States . . . ."

**2.** 5 U.S.C. § 557(c) provides:
Before a recommended, initial, or tentative decision, or a decision on agency review of the decision of subordinate employees, the parties are entitled to a reasonable opportunity to submit for the consideration of the employees participating in the decisions—
   (1) proposed findings and conclusions; or

(2) exceptions to the decisions or recommended decisions of subordinate employees or to tentative agency decisions; and
   (3) supporting reasons for the exceptions or proposed findings or conclusions.
The record shall show the ruling on each finding, conclusion, or exception presented. All decisions, including initial, recommended, and tentative decisions, are a part of the record and shall include a statement of—
   (A) findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law, or discretion presented on the record; and
   (B) the appropriate rule, order, sanction, relief, or denial thereof.

*Facts*

Austin Road Company is a Texas contractor engaged in building residential streets, storm drains, sanitary sewers, and water transmission lines. In 1974, the company received and did not contest a non-serious citation, issued under 29 C.F.R. § 1926.-652(c), for its failure to slope the sides of a trench at a job site. In 1977, it was cited for a serious, repeated violation of 29 C.F.R. § 1926.652(c) for failing to slope a trench. Austin Road challenged jurisdiction and, on the merits, denied the offense. After a hearing, an Administrative Law Judge upheld the citation but reduced the monetary penalty from $1,620 to $950. On review, the commission remanded for reconsideration whether the violation was properly characterized as "repeated" in light of its intervening decision in *Potlatch Corporation*, 1979 CCH OSHD ¶ 23,294. On remand, the ALJ found that the violation constituted a repeat violation, a finding affirmed by the commission. Appeals from the initial order of the commission (our docket number 78–2986) and the order after remand (our docket number 81–4050) were consolidated.

■ We agree with our colleagues who have previously considered the question that, in enacting the Occupational Safety and Health Act, Congress intended to exercise the full extent of the authority granted by the commerce clause of the Constitution. *See, e.g., Godwin v. Occupational Safety & Health Review Comm'n*, 540 F.2d 1013 (9th Cir. 1976); *United States v. Dye Construction Co.*, 510 F.2d 78 (10th Cir. 1975); *Brennan v. Occupational Safety & Health Review Comm'n*, 492 F.2d 1027 (2d Cir. 1974). Accordingly, an employer comes under the aegis of the Act by merely affecting commerce; it is not necessary that the employer be engaged directly in interstate commerce. *See, e.g., Wickard v. Filburn*, 317 U.S. 111, 63 S.Ct. 82, 87 L.Ed. 122 (1942); *United States v. Wrightwood Dairy*, 315 U.S. 110, 62 S.Ct. 523, 86 L.Ed. 726 (1942); *United States v. Darby*, 312 U.S. 100, 61 S.Ct. 451, 85 L.Ed. 609 (1941). *See also* J. Nowak, R. Rotunda, & J. Young, *Handbook on Constitutional Law* 151–56 (1978).

■ When the issue is contested, the burden of showing that the employer's activities affect interstate commerce rests upon the administrative representative involved—in the case at bar, the Secretary of Labor. The burden is, in the usual case, modest, if indeed not light. However, in the instant case, the Secretary experienced considerable difficulty with this essential element. As the ALJ noted:

Compliance Officer Gerald K. Forrester testified, inconclusively, that Austin was using a Bucyrus Erie hydraulic boom crane which he *believed* was made in Bucyrus, Michigan. (Tr. 28). He also testified that the sewer line was to serve a new industrial complex.

(Emphasis in original.) As recognized by the ALJ, this evidence "would hardly be sufficient to carry the Secretary's burden of proof that Austin's business affected commerce." We agree. The ALJ looked to other evidence "to satisfy the jurisdictional requirements." Specifically, the ALJ referred to the testimony of Henry M. Cornelius, manager of loss control for Austin Road, and made these observations:

Mr. Cornelius gave this picture of the corporate structure: Respondent is one of several corporations, including Austin Bridge Co., Austin Paving Co., Austin Commercial and Austin Power, which have interlocking directorates and are wholly owned by Austin Industries, a holding company, the stock of which is not publicly held. Two of this family of corporations (apparently not among those named) manufacture farm machinery in Texas and sell it outside the state. Austin Power builds power plants both within and without the state of Texas, including plants it was then building at St. Mary's, Kansas, and Gentry, Arkansas (Tr. 112–120). Cornelius said Austin Road Co. does not contract outside Texas. It builds residential streets, storm drains, sanitary sewers and water transmission lines (the latter including a line from Lake Granbury, Texas, to Texas Utilities Company's Comanche Peak nuclear power plant at Glen Rose, Texas).

From this factual redoubt, the ALJ concluded that Austin Road's "profits or losses affect the corporate well-being of its parent company, Austin Industries, and indirectly of its sister companies, including those which are engaged directly in interstate commerce." As a consequence, the ALJ continued, because "[t]his corporate conglomerate is under common ownership and control, [t]here is sufficient 'effect' on commerce to bring respondent within the ambit of the Act."[3] We do not agree.

■ In reviewing a decision by an administrative agency, we accept all factual findings supported by substantial evidence in the record considered as a whole. *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951); *Pioneer Natural Gas Co. v. NLRB*, 662 F.2d 408 (5th Cir. 1981). However, consistent with the congressional mandate contained in 5 U.S.C. § 557 and the rubric evolved in *Federal Trade Comm'n v. Beatrice Foods Co.*, 587 F.2d 1225, 1235 (D.C.Cir.1978) (Appendix), *Anglo-Canadian Shipping Co. Ltd. v. Federal Maritime Comm'n*, 310 F.2d 606 (9th Cir. 1962), *Saginaw Broadcasting Co. v. Federal Communications Comm'n*, 68 U.S.App.D.C. 282, 96 F.2d 554, *cert. denied*, 305 U.S. 613, 59 S.Ct. 72, 83 L.Ed. 391 (1938), and similar cases, the accepted factual findings provide the basis for review: we need not glean the evidence, but look only to the administrative findings of fact.[4]

In the present case, the findings regarding Austin Road's impact on its corporate parent and siblings are not supported by the record; they are speculative and conclusionary. The conclusion that the Secretary met the jurisdictional challenge is not based upon adequate factual findings. And, although we are not obliged to examine the evidence presented before the ALJ (see note 4, *supra*), our examination of the record reveals that a finding of jurisdiction cannot be made. Perhaps Austin Road's business does affect interstate commerce; but that essential fact is not established in the record before us.

The Secretary and commission invite us to take judicial notice of Austin Road's effect on interstate commerce. We decline the invitation. *See* 5 U.S.C. § 557(c); Fed. R.Evid. 201(b). Jurisdiction not having been first established, the order of the commission cannot stand.

Austin Road's petitions for review are GRANTED; enforcement is DENIED.

JOHN R. BROWN, Circuit Judge, concurring.

I concur fully in Judge Politz's opinion but I would add these brief comments.

The case on this meager record ought never to have been appealed to this Court. The decision to do so reflects a disturbing misunderstanding of the agency's highest legal officer on the minimal proofs (and findings) needed to sustain "jurisdictional" application of OSHA and thereby justify imposing on this Court the burden of hear-

---

3. The ALJ also remarked: "Additionally, Austin's foreman testified that the pickup truck he drove (which belonged to Austin) was made in Chicago to (sic) Detroit." This "finding" has little persuasive effect.

4. As stated in the *Anglo-Canadian Shipping Co., Ltd.*, case, "the absence of required findings is fatal to the validity of an administrative decision regardless of whether there may be in the record evidence to support proper findings." 310 F.2d at 617. And, further, the reviewing court is "not required therefore to inquire as to what evidence there was which might have supported adequate findings ...." *Id.* Perhaps *Saginaw Broadcasting Co.* contains the best explanation of the rationale behind this rule:

The requirement that courts, and commissions acting in a quasi-judicial capacity, shall make findings of fact, is a means provided by Congress for guaranteeing that cases shall be decided according to the evidence and the law, rather than arbitrarily or from extralegal considerations .... When a decision is accompanied by findings of fact, the reviewing court can decide whether the decision reached by the court or commission follows as a matter of law from the facts stated as its basis, and also whether the facts so stated have any substantial support in the evidence. In the absence of findings of fact the reviewing tribunal can determine neither of these things. The requirement of findings is thus far from a technicality.

96 F.2d at 559.

ing, reviewing and deciding a case of obviously no appellate merit.

Nothing has been established by all of this "legal" effort save that the Secretary's prosecutor must establish by acceptable means the minimal showing that the employer's activities bring it within the Act. Everyone knew this all along. An appeal was not necessary to remind the agency of what it already knew and which we have stated so many many times.