In re GRAND JURY SUBPOENA, doing
business as Supreme Auto Sales,
Robert T. Spano.

UNITED STATES of America, Appellant,

v.

Robert T. SPANO, Appellee.

Parkside Motors.

No. 93–1538.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 13, 1993.

Decided April 6, 1994.

---

Counsel who presented argument on behalf of the appellant was Douglas Letter, DOJ, Washington, DC.

Counsel who presented argument on behalf of the appellee was John M. Thompson of Springfield, MA. Philip H. Lauro of Springfield, MA appeared on the brief.

Before McMILLIAN, BOWMAN and MAGILL, Circuit Judges.

McMILLIAN, Circuit Judge.

The government appeals from a final order entered in the United States District Court for the District of Minnesota quashing a grand jury subpoena duces tecum directed to a sole proprietor, requesting records re-

quired to be maintained under federal and state law. For reversal, the government argues that the district court erred in failing to apply the required records exception to the Fifth Amendment privilege against compelled testimonial self-incrimination. For the reasons discussed below, we reverse the order of the district court and remand the case to the district court for further proceedings.

## I. BACKGROUND

The underlying case involves a grand jury investigation of possible criminal violation of federal odometer tampering laws. On June 12, 1992, Robert T. Spano, who operated Supreme Auto Sales as a sole proprietor, was served with a subpoena duces tecum. Spano filed a motion to quash the subpoena in the district court on grounds of overbreadth and encroachment on his Fifth Amendment privilege against self-incrimination. The government agreed to limit the scope of the subpoena to those records required to be maintained under federal and state law. Thus, the scope was limited to federal and state tax returns, W–2 forms, unemployment and worker's compensation records required under state law, automobile licensing, titling and purchase/sale records required under state law, and federally required odometer statements. The government maintained that production of these records could be compelled under the recognized required records exception to the Fifth Amendment privilege against compelled testimonial self-incrimination.

This matter was referred to a magistrate judge pursuant to Fed.R.Civ.P. 72(a). The magistrate judge granted Spano's motion to quash on the grounds that the act of production would involve compelled self-incrimination because Spano is a sole proprietor and because the government had failed to show that the existence, authenticity, or possession of the records by Spano were foregone conclusions. *In re Grand Jury Subpoena (Spano),* 144 F.R.D. 357 (D.Minn.1992) (Magistrate Judge's Order and Memorandum). The magistrate judge reasoned that the act of production of the odometer statements would be incriminating because the failure to

keep such records could subject Spano to civil or criminal fines. *Id.* at 365.

The government appealed the magistrate judge's order to the district court, arguing that the required records exception to the Fifth Amendment privilege applies regardless of the incriminating nature of the act of production. The district court affirmed the magistrate judge's order, concluding that it was "neither clearly erroneous nor contrary to law." *In re Grand Jury Subpoena (Spano)*, GJP No. 92–26 (D.Minn. Dec. 30, 1992) (District Court Order). The government has appealed the district court's order quashing the subpoena to the extent it protects Spano's production of required records.

## II. DISCUSSION

■ It is undisputed that the government's subpoena duces tecum only requested records which satisfy the criteria of the required records doctrine established in *Shapiro v. United States*, 335 U.S. 1, 32–35, 68 S.Ct. 1375, 1391–1393, 92 L.Ed. 1787 (1948) (*Shapiro*), and later clarified in *Grosso v. United States*, 390 U.S. 62, 67–68, 88 S.Ct. 709, 713–714, 19 L.Ed.2d 906 (1968) (*Grosso*). As explained in *Grosso*, required records are those records which meet the following criteria: (1) the purpose of the recordkeeping is essentially regulatory, rather than criminal; (2) the records contain the type of information that the regulated party would ordinarily keep; and (3) the records have assumed public aspects rendering them analogous to public documents. *Id.* at 67–68, 88 S.Ct. at 713–714. The parties also agree with the district court's finding that the act of production would be self-incriminating. The sole issue is whether the required records exception applies to an incriminating act of production by a sole proprietor.

The Supreme Court has recognized that the required records doctrine is an exception to the assertion of the Fifth Amendment privilege against compelled testimonial self-incrimination. *See, e.g., Davis v. United States*, 328 U.S. 582, 593, 66 S.Ct. 1256, 1261, 90 L.Ed. 1453 (1946); *Shapiro*, 335 U.S. at 32–35, 68 S.Ct. at 1391–1393. In *Shapiro*, an individual who was a wholesaler asserted the Fifth Amendment privilege as to records re-

quired to be kept under the Emergency Price Control Act, which were the subject of an administrative subpoena. The Supreme Court held that the Fifth Amendment privilege did not apply to these so-called required records. *Id.* at 32–35, 68 S.Ct. at 1391–1393.

■ The act of production doctrine evolved in response to Fifth Amendment concerns about the potential incrimination that may result from being compelled to produce documents. In *Fisher v. United States*, 425 U.S. 391, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976) (*Fisher*), a taxpayer refused to comply with an IRS summons seeking his accountant's work papers which contained information about his tax return. The work papers were being held by his attorney. The Supreme Court stated that a taxpayer may not avoid compliance with an IRS summons merely by claiming that the requested documents contained incriminating writing. However, the Supreme Court recognized that the act of production of a document in response to a subpoena could have testimonial aspects as to the existence, possession, or control of the document. Although the Supreme Court found that the taxpayer's compelled production of his accountant's work papers did not involve testimonial self-incrimination because the existence and location were foregone conclusions and the taxpayer would admit little by conceding possession, it noted that the Fifth Amendment privilege could apply to proscribe an act of production that does have testimonial and self-incriminating aspects. *Id.* at 410–11, 96 S.Ct. at 1580–81.

■ The present case raises questions about the interplay between the required records doctrine and the act of production doctrine. Spano's act of producing the disputed required records would be testimonial in that he would have to admit whether or not the records exist. Moreover, the act of production could be self-incriminating because Spano, as a sole proprietor, could be subject to civil or criminal fines if the records do not exist. This case therefore presents the issue of whether Spano may invoke the Fifth Amendment privilege to refuse to produce the required records, because his act of

production would have both testimonial and self-incriminating aspects.

The government argues that the required records exception to the Fifth Amendment privilege applies in this case, even if the act of production might be incriminating to Spano as a sole proprietor. The government relies on *Baltimore City Dep't of Social Servs. v. Bouknight*, 493 U.S. 549, 110 S.Ct. 900, 107 L.Ed.2d 992 (1990) (*Bouknight*). In *Bouknight*, a mother was required under court order, despite the Fifth Amendment, to produce her previously abused child over whom she had custody under an earlier court order. To produce the child would amount to testimony as to her control over, and possession of, the child. Despite the self-incriminating nature of the act of production, the Supreme Court required the mother to produce her child because a child in need of the state's care and assistance is an object of the state's regulatory interests. The Supreme Court, while not directly relying upon the required records exception, recognized that the Fifth Amendment privilege against compelled testimonial self-incrimination is not absolute and may be greatly diminished where invocation would interfere with state civil regulatory interests. *Id.* at 555–59, 110 S.Ct. at 905–07.

The government also relies on *In re Grand Jury Subpoena Duces Tecum (Underhill)*, 781 F.2d 64 (6th Cir.) (*Underhill*), cert. denied, 479 U.S. 813, 107 S.Ct. 64, 93 L.Ed.2d 23 (1986), a Sixth Circuit decision applying the required records exception to a sole proprietor under strikingly similar facts to the case before this Court. In *Underhill*, a grand jury subpoena seeking odometer statements and other required records was served upon a sole proprietor. The Sixth Circuit held that the act of production doctrine is not applicable to required records. *Id.* at 69–70. The Sixth Circuit stated that

> the government's interest in requiring automobile dealers to maintain for inspection odometer statements is a legitimate component of the government's salutary effort to insure the accuracy of odometer statements. Moreover, requiring maintenance of the odometer records by the automobile dealers themselves is an effective and im-

portant means of advancing the statutory scheme.

*Id.* at 69. Concluding that the balance between the public interest in the odometer statements and the private interest in constitutional protection must be struck in favor of the public, the Sixth Circuit stated the following two reasons for applying the required records exception: (1) because of the public aspect of required records, the individual admits little of significance by their production; and (2) by doing business in an area where the government requires recordkeeping, an individual may be deemed to have waived the Fifth Amendment privilege as to the production of those records. *Id.* at 70; *accord United States v. Lehman*, 887 F.2d 1328 (7th Cir.1989); *In re Kenny*, 715 F.2d 51 (2d Cir.1983) (per curiam); *In re Grand Jury Proceedings (McCoy)*, 601 F.2d 162, 168 (5th Cir.1979).

Spano asserts that, because he is a sole proprietor, the requested records were his own personal business records, and the existence, authenticity, and possession of the requested records were not foregone conclusions; therefore, he is entitled to invoke the Fifth Amendment privilege against a potentially self-incriminating act of production. Spano also compares this case to recent Supreme Court and Eighth Circuit decisions supporting the conclusion that the sole proprietor is entitled to Fifth Amendment protection with respect to producing private business papers. Lastly, Spano argues that the required records exception should be narrowly applied because it undermines the Fifth Amendment privilege against compelled testimonial self-incrimination.

Spano relies on *Braswell v. United States*, 487 U.S. 99, 108 S.Ct. 2284, 101 L.Ed.2d 98 (1988) (*Braswell*), *United States v. G & G Advertising Co.*, 762 F.2d 632 (8th Cir.1985) (*G & G Advertising*), and *In re J.W.O.*, 940 F.2d 1165 (8th Cir.1991). These cases involved subpoenas for corporate or business records and noted that, if the business was a sole proprietorship, the Fifth Amendment privilege might apply. However, none of these opinions addressed whether the requested corporate or business records were

required records within the meaning of *Shapiro* and *Grosso*.

In *Braswell,* a grand jury subpoena was served upon a corporate records custodian. The Supreme Court held that the individual acting as an agent of a corporate entity could not rely upon the act of production doctrine to avoid producing corporate records. However, Chief Justice Rehnquist, writing for the majority, also commented that "[h]ad petitioner conducted his business as a sole proprietor, [*United States v. Doe,* 465 U.S. 605, 104 S.Ct. 1237, 79 L.Ed.2d 552 (1984) (*Doe*)] would require that he be provided the opportunity to show that his act of production would entail testimonial self-incrimination." 487 U.S. at 104, 108 S.Ct. at 2288. Spano relies upon this dictum to support his argument that a sole proprietor is entitled to invoke the privilege, even when required records are involved. The subpoena in both *Braswell* and *Doe* broadly requested corporate or business records. However, in both cases, the Supreme Court did not discuss the required records exception or whether any of the records requested were indeed required records. Therefore, neither *Braswell* nor *Doe* is dispositive. Likewise, *G & G Advertising* and *In re J.W.O.* did not reach the issue of whether the required records exception applies to the act of production by a sole proprietor because there was no finding that required records were even involved. Therefore, these Eighth Circuit cases also are not dispositive.

 This Court agrees with the reasoning in *Bouknight* and *Underhill.* We hold that the required records exception applies to Spano under the circumstances of this case, despite the self-incriminating and testimonial aspects of the production, for the following reasons: (1) the public interest in obtaining the information necessary to the regulatory scheme outweighs the private interest in disclosure, and if a private individual were able to invoke the privilege the regulatory purpose of the scheme would be frustrated; (2) the individual, by engaging in the regulated activity, is deemed to have waived his privilege as to the production of those records which are required to be kept; and (3) the individual admits little of significance by the act of production because of the public aspects of the documents.[1] We hold that the required records exception to the Fifth Amendment privilege will apply to the act of production by a sole proprietor even where the act of production could involve compelled testimonial self-incrimination. We therefore reverse the order of the district court insofar as it holds that the act of production of required records by Spano is protected by the Fifth Amendment. We remand this matter to the district court for further proceedings in accordance with this order.

---

1. The required records exception will not eliminate an individual's Fifth Amendment privilege because the individual will still be able to invoke the privilege where the records required to be kept by law do not have public aspects, and where the recordkeeping requirement is aimed exclusively at individuals inherently suspect of engaging in criminal activity. *See Grosso v. United States,* 390 U.S. 62, 67–68, 88 S.Ct. 709, 713–714, 19 L.Ed.2d 906 (1968); *In re Grand Jury Subpoena Duces Tecum (Underhill),* 781 F.2d 64, 69 (6th Cir.), *cert. denied,* 479 U.S. 813, 107 S.Ct. 64, 93 L.Ed.2d 23 (1986); *In re Grand Jury Proceedings (McCoy),* 601 F.2d 162, 168 (5th Cir. 1979).