**Robert B. REICH, Secretary of Labor, United States Department of Labor, Applicant,**

v.

**Joel YANDELL, d/b/a Triple Tower Company, Respondent.**

No. 8:CV94–00327.

United States District Court, D. Nebraska.

July 26, 1994.

Tedrick A. Housh, Jr., Oscar L. Hampton, III, Thomas S. Williamson, Jr., U.S. Dept. of Labor, Office of the Sol., Kansas City, MO, for applicant.

Douglas E. Flom, Corbett, Anderson Law Firm, Sioux City, IA, for respondent.

MEMORANDUM AND ORDER

STROM, Chief Judge.

This matter is before the Court on the government's motion to compel (Filing No. 1)

the respondent to produce certain documents requested in an Administrative Subpoena *duces tecum* served on April 15, 1994. The Court heard oral argument on this matter on July 25, 1994, and has decided, for the reasons discussed below, that the respondent must produce the documents requested.

The respondent in this case is the sole proprietor of the Triple L. Tower Company. On March 12, 1994, three of respondent's employees fell to their death from a radio tower. Shortly thereafter, Ben Bare, Area Director of the Omaha division of the Occupational Safety and Health Administration ("OSHA"), inspected the worksite and issued the subpoena which is the subject of this motion. The documents requested by the subpoena primarily relate to various safety records OSHA requires a business to keep.

The respondent has refused to produce the documents, asserting his Fifth Amendment right not to incriminate himself. Having reviewed the evidence and the applicable authority, the Court finds the respondent's arguments unpersuasive. This case is controlled by the "required records exception" to the Fifth Amendment privilege against self-incrimination. Under the required records exception, the privilege against self-incrimination does not apply to records which a person is required to keep by law. *Shapiro v. United States*, 335 U.S. 1, 17–19, 68 S.Ct. 1375, 1384–1385, 92 L.Ed. 1787 (1948). More specifically, the Eighth Circuit has recently held "that the required records exception to the Fifth Amendment privilege will apply to the act of production by a sole proprietor even where the act of production could involve compelled testimonial self-incrimination." *In re Grand Jury Subpoena v. Spano*, 21 F.3d 226, 230 (8th Cir.1994).

The public interest in a safe workplace outweighs any Fifth Amendment right which may exist as a result of the act of production. *See* 29 U.S.C.A. § 651 (Congressional statement of findings and declaration of purpose and policy). It simply defies logic to argue that an employer, who is required to keep certain safety records to ensure that his employees work in a safe environment, can escape the consequences of failing to provide such an environment by arguing that he is not required to produce the documents which are one of the primary mechanisms though which Congress has sought to ensure compliance with the Act. Accordingly,

IT IS ORDERED that the respondent produce the documents requested in the subpoena on or before July 29, 1994.