34 F.3d 1070
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Guy Hamilton JONES, JR., Petitioner,
v.
National Transportation Safety Board; David R. Hinson,
Administrator, Federal Aviation Administration, Respondents.
 No. 93-2694.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: February 8, 1994.
Filed: September 2, 1994.
 
 Before McMILLIAN, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Guy Hamilton Jones, Jr., petitions for review of the order of the National Transportation Safety Board (NTSB) indefinitely suspending his pilot certificate for his failure to produce his pilot log for inspection. We affirm.
 
 
 2
 The Federal Aviation Administration (FAA) issued an emergency order suspending Jones' pilot certificate when, after five requests, Jones failed to present his logbook for inspection, in violation of 14 C.F.R. Sec. 61.51(d). Jones challenged the FAA order, contending that his Fifth Amendment privilege against self- incrimination protected him from having to disclose his logbook. The administrative law judge (ALJ) upheld the order, and Jones appealed to the NTSB. The NTSB acknowledged that Jones claimed he would comply with the FAA's request if he were granted immunity precluding the use of his logbook in any criminal proceeding. The NTSB agreed with the ALJ, however, that the FAA-upon reasonable request-has an absolute right to review the logbook under section 61.51(d), and that Jones' refusal was not excused by his assertion of Fifth Amendment rights.
 
 
 3
 In his petition for review, Jones reasserts his Fifth Amendment argument. He contends he was under criminal investigation at the time of the request for production, and we will assume that he was for the purposes of this decision.
 
 
 4
 We review NTSB decisions under 49 U.S.C. app. Sec. 1903(d) (1988), and will set aside agency actions found to be contrary to a constitutional right. 5 U.S.C. Sec. 706(2)(B). We review de novo questions of constitutional law. See Maloley v. R.J. O'Brien & Assoc., Inc., 819 F.2d 1435, 1441 (8th Cir. 1987).
 
 
 5
 The Supreme Court has long recognized the "required records" exception to the Fifth Amendment privilege against self- incrimination. See Wilson v. United States, 221 U.S. 361, 381 (1911). To qualify as "required," the record must satisfy a three- part test: (1) the purposes for which it is kept must be essentially regulatory, (2) it must be the kind of record which the regulated party has customarily kept, and (3) it must have assumed "public aspects" which renders it analogous to public documents. Grosso v. United States, 390 U.S. 62, 67-68 (1968).
 
 
 6
 First, pilot logbooks are intended to provide a reliable record of "aeronautical training and experience used to meet the requirements for a certificate or rating, or the recent flight experience requirements." See 14 C.F.R. Sec. 61.51(a). Properly certifying pilots is part of ensuring that the airways are safe, see 49 U.S.C. app. Secs. 1303, 1421 (1988), and this purpose is clearly non-criminal and regulatory. See California v. Byers, 402 U.S. 424, 430 (1971). Even though the Federal Aviation Act defines some criminal offenses, it is essentially regulatory, so this does not defeat application of the exception. See id. Furthermore, all pilots must keep these records. Cf. Albertson v. Subversive Activities Control Bd., 382 U.S. 70, 79 (1965) (record-keeping requirements may not be directed at "selective group inherently suspect of criminal activities").
 
 
 7
 Second, logbooks are records that pilots have customarily been required to keep, in order to track activities meeting their certification requirements. Third, the importance of the public interest in safe airways means pilot logbooks have assumed "public aspects." See Shapiro v. United States, 335 U.S. 1, 32 (1948) (there must be "sufficient relation between the activity sought to be regulated and the public concern"). Thus, pilot logbooks are "required records" and come within the exception to the Fifth Amendment privilege against self-incrimination.
 
 
 8
 In United States v. Doe, 465 U.S. 605, 612 (1984), the Supreme Court recognized that the very act of producing documents may lead to incrimination by compelling the producing individual to admit that the documents exist, that they are in his possession, and that they are authentic. We reject Jones' argument that the required records exception does not apply to him because the act of producing the records may incriminate him. See In re Grand Jury Subpoena, 21 F.3d 226, 230 (8th Cir. 1994) (by engaging in regulated activity, individual waives privilege as to production of required records).
 
 
 9
 Accordingly, we affirm the order suspending Jones' pilot license until he produces his pilot logbook.