**Alexis M. HERMAN, Secretary of Labor, Petitioner,**

v.

**Vincent GALVIN, Patrick Galvin, and G.W. Construction, Respondents.**

No. 98–12534–MLW.

United States District Court, D. Massachusetts.

Jan. 29, 1999.

28

Christine T. Eskilson, U.S. Department of Labor, Office of the Solicitor, Boston, MA, for Alexis M. Herman, Secretary of labor, United States, Department of Labor, petitioner.

Richard D. Wayne, Hinckley, Allen & Snyder, Boston, MA, for Vincent Galvin, respondents.

### MEMORANDUM AND ORDER

WOLF, District Judge.

On January 15, 1999, the court conducted a hearing on plaintiff's motion to, among other things, hold G.W. Construction in civil contempt for failing to produce records subject to a December 4, 1998 subpoena duces tecum issued by the Occupational Safety and Health Administration ("OSHA"). The motion requires the court to determine whether G.W. Construction is a collective entity, which would not have a Fifth Amendment privilege to assert as a valid reason to resist production of the subpoenaed records, or a sole proprietorship which would have a Fifth Amendment privilege. *Compare, e.g., Braswell v. United States*, 487 U.S. 99, 109, 108 S.Ct. 2284, 101 L.Ed.2d 98 (1988) (holding that a corporation or other collective entity may not resist a subpoena for its records on Fifth Amendment grounds) *with United States v. Doe*, 465 U.S. 605, 612, 617, 104 S.Ct. 1237, 79 L.Ed.2d 552 (1984) (holding that the contents of business records of a sole proprietorship are not privileged, but the act of producing such records is testimonial and can not be compelled without a statutory grant of use immunity).

■ The burden of proving the existence of a valid Fifth Amendment privilege is on G.W. Construction. *In re Grand Jury Subpoena*, 973 F.2d 45, 50 (1st Cir. 1992). In this case, however, providing the information necessary to satisfy this burden in an open, adversary proceeding would have involved the risk of G.W. Construction disclosing to the government information that would be privileged if G.W. Construction is a sole proprietorship rather than a collective entity. Thus, with the agreement of OSHA, the court conducted an *in camera* hearing to afford G.W. Construction an opportunity to attempt to prove that it is a sole proprietorship and,

therefore, has a Fifth Amendment privilege. *See In re Brogna*, 589 F.2d 24, 28 n. 5 (1st Cir.1978) ("A proper use for an in camera hearing is to allow a witness to impart sufficient facts in confidence to the judge to verify the privilege claim where external circumstances do not afford adequate verification."); *United States v. Fricke*, 684 F.2d 1126, 1131 (5th Cir.1982).

■ On the present record, the court finds, without prejudice to possible reconsideration if OSHA produces additional evidence, that G.W. Construction is a sole proprietorship and, therefore, has a Fifth Amendment privilege. "A sole proprietorship is a business form in which an individual—rather than, for example, a partnership or corporation—owns the business." *In re San Juan Dupont Plaza Hotel Fire Litigation*, 45 F.3d 569, 573 (1st Cir.1995) (citing *Black's Law Dictionary* 1392 (6th ed.1990), which defines a "sole proprietorship" as: "A form of business in which one person owns all the assets of the business in contrast to a partnership, trust or corporation. The sole proprietor is solely liable for all the debts of the business.").

■ A business may be a sole proprietorship even though its name indicates that it is a collective entity. *See, e.g., United States v. Jobin*, 535 F.2d 154, 155 n. 1. (1st Cir.1976) ("Jobin Associates, Inc., despite its name, was a sole proprietorship"); *Greenstein v. Flatley*, 19 Mass. App.Ct. 351, 356, 474 N.E.2d 1130 (1985) (Thomas Flatley did business as The Flatley Company); *United States v. London*, 66 F.3d 1227, 1244 (1st Cir.1995) (M & L Associates was a sole proprietorship). Similarly, a business may have employees and still constitute a sole proprietorship. *See, e.g., United States v. Brennick*, 134 F.3d 10, 11 (1st Cir.1998); *London*, 66 F.3d at 1244; *Perkins v. Flatley*, No. 917062, 1993 WL 818690 at *1 (Sept. 30, 1990).

■ The present record, including the credible answers given by Vincent Galvin during the *in camera* questioning on January 15, 1999, indicates that G.W. Construction is a sole proprietorship. Therefore, it generally has a Fifth Amendment privilege. G.W. Construction has asserted the privilege properly with regard to the production of most of the subpoenaed documents. *See Hoffman v. United States*, 341 U.S. 479, 486–87, 71 S.Ct. 814, 95 L.Ed. 1118 (1951); *United States v. Castro*, 129 F.3d 226, 229–30 (1st Cir.1997), *cert. denied*, —— U.S. ——, 118 S.Ct. 1569, 140 L.Ed.2d 803 (1998). There are, however, certain subpoenaed records that G.W. Construction must produce.

■ More specifically, Vincent Galvin, the sole proprietor of C.W. Construction, must produce the subpoenaed OSHA 200 logs and employee pay records under the "required records exception" to the Fifth Amendment privilege. *See Shapiro · v. United States*, 335 U.S. 1, 32–35, 68 S.Ct. 1375, 92 L.Ed. 1787 (1948) (holding that requiring essentially regulatory records to be kept by private individuals, subject to inspection by the government, does not violate the Fifth Amendment privilege).

■ Ordinarily, "[t]he fifth amendment protects against the compulsory surrender of (1) personal business records, (2) in the possession of a sole proprietor, (3) only with respect to the testimonial act implicit in the surrender itself." *In re Kave*, 760 F.2d 343, 356 (1st Cir.1985). Typically, producing documents may have incriminating testimonial consequences, such as admitting the existence, nonexistence, authenticity, and possession of the documents. *Id.*, at 356 n. 27. However, when the records at issue are required by law to be kept primarily for regulatory rather than law enforcement purposes, a sole proprietor must produce them, or represent that they do not exist, notwithstanding the testimonial nature of the act of production. *In re Grand Jury Subpoena (Spano)*, 21 F.3d 226, 228–30 (8th Cir. 1994); *In re Grand Jury Subpoena Duces Tecum (Underhill)*, 781 F.2d 64, 66–70 (6th Cir.1986). OSHA 200 logs and employee payroll records are such documents.

The Occupational Safety and Health Act applies to any "person[s] engaged in a business affecting commerce who has employees." 29 U.S.C. § 652(5). It is undisputed that G.W. Construction has employees. Contrary to G.W. Construction's contention, the facts established by the declaration of OSHA Specialist Patrick Griffin (Docket No. 21) amply demonstrate that G.W. Construction has been engaged in a business affecting commerce. *See, e.g., Austin Road Co. v. Occupational Safety and Health Review Comm'n,* 683 F.2d 905, 907 (5th Cir.1982) ("Congress intended to exercise the full extent of the authority granted by the commerce clause of the Constitution. Accordingly, an employer comes under the aegis of the Act by merely affecting commerce; it is not necessary that the employer be engaged directly in interstate commerce.") (citation omitted).

29 C.F.R. § 1904.2 requires that a business subject to OSHA's jurisdiction maintain documents, known as "OSHA 200 logs," that record and summarize all occupational injuries and illnesses suffered by its employees. This recordkeeping requirement is essentially intended to facilitate the performance of OSHA's regulatory function of protecting and promoting health and safety. It is not directed almost exclusively at individuals inherently suspect of criminal activities. *See Grosso v. United States,* 390 U.S. 62, 68, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968); *Marchetti v. United States,* 390 U.S. 39, 55–7, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968). Thus, Galvin, as the sole proprietor of G.W. Construction, must produce and authenticate its OSHA 200 logs, or testify that they do not exist despite the potentially incriminating nature of those acts with regard to Galvin. *In re Grand Jury Subpoena (Spano),* 21

F.3d at 228–30; *In re Grand Jury Subpoena Duces Tecum (Underhill),* 781 F.2d at 70.

■ The same analysis applies to the subpoenaed pay records that G.W. Construction is required to keep pursuant to the Massachusetts Minimum Fair Wage Law, M.G.L. c. 151, §§ 1 *et seq.*[1] Section 15 of that Law requires G.W. Construction to have kept "a true and accurate record of the name, address and occupation of each employee, of the amount paid each pay period to each employee, [and] of the hours worked each day and each week by each employee ..." Once again, this recordkeeping requirement is primarily intended to serve a regulatory function and is not aimed almost exclusively at individuals inherently suspect of criminal activities. Therefore, Vincent Galvin must produce and authenticate the subpoenaed pay records or testify that they do not exist.

Accordingly, with regard to the petition to hold C.W. Construction in civil contempt, it is hereby ORDERED that Vincent Galvin, as sole proprietor of G.W. Construction, appear as directed by OSHA forthwith, produce and authenticate the subpoenaed OSHA 200 logs and pay records, or testify that such records do not exist.[2]

---

1. As the record does not indicate whether G.W. Construction has gross annual business of at least $500,000, the Petitioner has not established that G.W. Construction is subject to the pay. recordkeeping requirements of the federal Fair Labor Standards Act. *See* 29 U.S.C. § 203(s)(1).

2. The court understands that the petitions to hold Patrick Galvin and Vincent Galvin, individually, in civil contempt are now moot.